## CHANDLER et al. v. LACK.

No. 8590—Opinion Filed Jan. 22, 1918.

Rehearing Denied Feb. 12, 1918.

Second Petition for Rehearing Denied Nov. 14, 1918.

(170 Pac. 516.)

**1. Bills and Notes—Consideration—Illegality.**

Notes executed and delivered by the borrower to the agent of the lender of money in consideration of the agent's procuring a loan from his principal for the borrower, without the knowledge or consent of the lender, are voidable as being based upon an illegal consideration.

**2. Same—Action—Special Defense—Burden of Proof.**

As a general rule of law, in an action on a promissory note where the defense is that the consideration upon which such note is based is illegal, it is an affirmative defense which must be specially pleaded and the burden of establishing such defense is upon the defendant, but where the petition shows that the note is based upon an illegal consideration, or the proof of the plaintiff shows the illegality of the consideration of said note, the defendant may take advantage of such facts without pleading such defense.

(Syllabus by Pryor, C.)

Error from District Court, Seminole County: Tom D. McKeown, Judge.

Action by B. D. Lack against J. B. Chandler and others. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

Pryor & Stokes, for plaintiffs in error.

John W. Willmott, for defendant in error.

Opinion by PRYOR, C. This action was commenced on the 8th day of October, 1914, in the district court of Seminole county by B. D. Lack, defendant in error, against J. B. Chandler, J. J. Chandler, and W. B. Chandler, plaintiffs in error, to recover on four certain promissory notes of $125 each. The parties will be referred to as they appeared in the trial court.

The petition alleges that the defendants,

on the 17th day of December, 1912, executed and delivered to W. F. Cooper and G. G. Harris their four promissory notes in the sum of $125 each, with interest at the rate of 10 per cent. per annum from maturity, one due on the 1st day of June, 1913, one due on the 1st day of December, 1913, one due on the 1st day of June, 1914, and one due on the 1st. day of December, 1914; that on the 1st day of January, 1914, W. F. Cooper and G. G. Harris for value assigned and delivered said notes to the plaintiff, who was the legal holder thereof in due course at the time of the institution of the suit. Copies of said notes are attached to the petition. At the same time the defendants gave a real estate mortgage on certain lots in Wewoka, Okla., to secure the payment of said notes, copy of said mortgage being attached to the petition.

The answer of the defendants consists of a general denial except as to matters admitted. Defendants admit the signing of the notes, but allege that the signing of said notes was procured by fraud and misrepresentations, and without any consideration, and allege that on the date of said notes the defendants secured a loan of $2,500 through G. G. Harris and W. F. Cooper as agents of the Interstate Mortgage & Trust Company, for which loan these defendants executed to said company their promissory note in the sum of $2,500 and commission notes in the sum of $500 payable to the said mortgage company; that at the time of the execution of said principal note and commission note, the said W. F. Cooper and G. G. Harris represented to defendants that the said commission note should be, and that it was the policy and custom of the company to have the mortgage and notes signed in duplicate in order that W. F. Cooper and G. G. Harris might have them to keep as a record in their office; that the defendants have fully paid the commission note with interest to the said company; that the plaintiff, B. D. Lack, had full knowledge of the defects of the notes before purchased. Judgment was rendered for the plaintiff for the full amount of the notes with interest, from which judgment the defendants appeal.

The assignment of error insisted on in this court may be stated, generally, that the judgment of the trial court is contrary to the law and the evidence. An examination of the evidence, as disclosed by the record, clearly shows that there is a direct conflict of evidence as to the question as to whether or not the plaintiff had knowledge of the defects in the notes before the purchase thereof. And on this issue the verdict of the jury is conclusive. The evidence is also in direct conflict on the question of fraud and misrepresentation alleged to have been made to the defendants by W. F. Cooper and G. G. Harris, the payees of said notes. And on this issue the finding of the jury is conclusive.

It is the contention of the defendants that, if it is true, as contended by plaintiff, the notes were given to the agents of the company for services rendered the defendants by such agents in procuring a loan for defendants from said company, said notes are against public policy and voidable, and the consideration illegal. The law is well settled that an agent in the scope of his employment and acting for his principal cannot accept compensation from the person or persons with whom he is dealing for his principal. This rule seems to be limited to where an agent is required, in consummating transactions for his principal, to exercise discretion. It seems to me that there could be no contention that an agent who is loaning money for another is required to use discretion and judgment in conductig loans and securing sufficient and proper security, and that an agent of a loan company falls squarely within the law. The above rule is clearly stated in the case of Hunter Realty Co. v. Spencer, 21 Okla. 155, 95 Pac. 757, 17 L. R. A. (N. S.) 622, citing authorities. Am. & Eng. Enc. of Law, vol. 1, p. 1073; 31 Cyc. 1447.

The rule seems to be well established that such contracts are voidable where they are entered into by an agent with a third person without the knowledge or consent of his principal. This defense, however, could not affect those notes that were purchased before maturity, as the findings of the jury on conflicting evidence established the fact that the purchaser took said notes without knowledge of the defects, but the petition of the plaintiff alleges that he purchased the notes on the 1st day of January, 1914, and two of the notes sued upon matured before this date, to wit, one on the 1st day of June, 1913, and one on the 1st day of December, 1913.

It is the contention of the plaintiff that the defense that the notes were voidable for the reason that the consideration was against public policy, is an affirmative defense which the defendants must plead, and, they having failed to do so they cannot urge that defense. As a general rule the illegality of the consideration of a contract sued upon is an affirmative defense which must be pleaded by the defendant, but there is a well-established exception to this rule. Where the petition or complaint discloses the fact that the contract sued upon is illegal or based upon an illegal consideration or where the evidence of

the plaintiff shows that the consideration is illegal or based upon an illegal consideration, the defendant may take advantage of such fact without specially pleading illegality of the contract or illegality of the consideration. Sheldon v. Pruessner, 52 Kan. 579, 35 Pac. 201, 22 L. R. A. 709; Bates, Pleading & Practice, vol. 2, p. 1293.

Also, if it develops from the examination of the plaintiff's witness that the contract is based upon an illegal consideration, the defendant may take advantage of it. Ah Doon v. Smith 25 Or. 89 34 Pac. 1093.

The evidence of the plaintiff in this case establishes the fact that there were two sets of commission notes given, $500 in commission notes to the loan company and the notes in controversy to W. F. Cooper and G. G. Harris, who were at the time agents of the loan company, and the evidence of the plaintiff further shows without any dispute that these notes were given in consideration of these agents of the loan company procuring a loan of $2,500 for the defendants from the said loan company. The plaintiff having shown by his own evidence that the notes were based upon an illegal consideration and were voidable as against public policy, the rule requiring the defendant to specially plead such defense was dispensed with.

After the defendants testified in their own behalf that the notes in controversy were given without any consideration, the plaintiff produced the payees of said notes as witnesses to meet the evidence of the defendants on that issue. Their evidence unqualifiedly establishes the fact that said notes were given Cooper and Harris, who were the agents for the loan company, in consideration of the agents procuring a loan from the said company for the defendants. This, unquestionably, not only fails to establish the validity of the notes, but, on the contrary, establishes the illegality and invalidity.

Under the above principles of law regarding transactions of this character, it must be held that the notes were given without any legal and valuable consideration, and that the plaintiff could not recover on the two notes that were purchased after maturity.

The judgment should be modified by deducting the amount, with the interest thereon, of the two notes purchased after maturity, from the amount of said judgment, and affirmed as modified.

By the Court: It is so ordered.