(March 3, 1919.)

## JOHN. C. WEATHERHEAD, Appellant, v. MARK COONEY, Respondent.

[180 Pac. 760.]

BROKERS—COMPENSATION—NECESSITY OF CONTRACT IN WRITING—QUANTUM MERUIT.

1. Under Sess. Laws 1915, chap. 131, p. 287, C. L., sec. 6012, providing that no contract for the payment of commission or reward for the finding or procuring of a purchaser for the real estate of another shall be valid unless in writing, signed by the owner of the real estate or his representative, a broker or agent who has procured a purchaser for land, under an alleged oral contract with the owner, cannot recover a commission therefor in an action on *quantum meruit*.

2. A broker, who has no written authority from the owner of real estate to find a purchaser therefor, cannot recover his expenses incurred in connection with the sale thereof in the absence of a contract to pay therefor.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action on *quantum meruit*. Judgment for defendant. *Affirmed.*

Chas. L. Heitman, for Appellant.

"One who has performed labor and services under a contract, which cannot be enforced because within the statute of

frauds and which has been repudiated by the other party thereto, may recover for such services upon a *quantum meruit.*

"Where services are rendered on an agreement which is void by the statute, an action will lie on the implied promise to pay for such services." (29 Am. & Eng. Enc. of Law, 2d ed., 814, 815, 839; Browne on Statute of Frauds, sec. 118; *Dunphy v. Ryan,* 116 U. S. 491, 497, 6 Sup. Ct. 486, 29 L. ed. 703, see, also, Rose's U. S. Notes; *Wetherbee v. Potter,* 99 Mass. 354; *Shute v. Dorr,* 5 Wend. (N. Y.) 204; *Ray v. Young,* 13 Tex. 550; *Bibb v. Allen,* 149 U. S. 481, 13 Sup. Ct. 950, 37 L. ed. 819; *Springer v. Bien,* 16 Daly, 275, 10 N: Y. Supp. 530; *Reed v. McConnell,* 62 Hun, 153, 16 N. Y. Supp. 586; *In re Sherman,* 24 Misc. Rep. 65, 53 N. Y. Supp. 376, 377; *Freeman v. Foss,* 145 Mass. 361, 1 Am. St. 467, 14 N. E. 141; *Williams v. Bemis,* 108 Mass. 91, 11 Am. Rep. 318; *Scheur v. Monash,* 35 Misc. Rep. 276, 71 N. Y. Supp. 818; *Towsley v. Moore,* 30 Ohio St. 184, 185, 27 Am. Rep. 434; *Day v. New York Central R. R. Co.,* 51 N. Y. 583; *Wolke v. Fleming,* 103 Ind. 105, 53 Am. Rep. 495, 2 N. E. 325; Reed on Statute of Frauds, sec. 211; Wood on Frauds, p. 434; *Wallace v. Long,* 105 Ind. 522, 55 Am. Rep. 222, 5 N. E. 666; *Cadman v. Markle,* 76 Mich. 448, 43 N. W. 315; 5 L. R. A. 707; *Whipple v. Parker,* 29 Mich. 369, 374; *La Du-King Mfg. Co. v. La Du,* 36 Minn. 473, 31 N. W. 938; *McCarthy v. Weare Commission Co.,* 87 Minn. 11, 91 N. W. 33, 34; *Clark v. Davidson,* 53 Wis. 317, 10 N. W. 384; *Cohen v. Stein,* 61 Wis. 508, 21 N. W. 514; *Salb v. Campbell,* 65 Wis. 405, 27 N. W. 45; *Smith v. Putnam,* 107 Wis. 155, 82 N. W. 1077, 83 N. W. 288; *Davis v. Webber,* 66 Ark. 190, 74 Am. St. 81, 49 S. W. 822, 45 L. R. A. 196; *Buckingham v. Ludlum,* 37 N. J. Eq. 137; *Lapham v. Osborne,* 20 Nev. 168, 18 Pac. 881; *Longhofer v. Herbel,* 83 Kan. 278, 111 Pac. 483; *Jackson v. Stearns,* 58 Or. 57, Ann. Cas. 1913A, 284, 113 Pac. 30, 37 L. R. A., N. S., 639; *Freitas v. Freitas,* 31 Cal. App. 16, 159 Pac. 611, 612; *Supreme Lodge K. of P. v. Ferrell (Ferrell v. Stanley),* 83 Kan. 491, 112 Pac. 155, 33 L. R. A., N. S., 777; *Crane v. Franklin,* 16 Ariz. 501, 147 Pac. 718.),

Practically every state in the Union holds that an executed contract takes the case out of the statute. (*First Nat. Bank v. Cripple Creek State Bank* (Colo.), 163 Pac. 1134, 1137; Browne on Statute of Frauds, 5th ed., sec. 116; *Franklin v. Matea Gold Min. Co.,* 158 Fed. 941, 86 C. C. A. 145, 14 Ann. Cas. 302, 16 L. R. A., N. S., 381; *Minchener v. Henderson,* 181 Ala. 115, 61 So. 246; *First Nat. Bank v. Gallagher,* 119 Minn. 463, Ann. Cas. 1914B, 120, 138 N. W. 681.)

"Where the owner with full knowledge of the terms on which the same has been sold by his broker ratifies the sale in writing, it is immaterial whether the agent's authority was in writing." (*Gwinnup v. Sibert,* 106 Mo. App. 709, 80 S. W. 589; 2 Lewis' Sutherland Stat. Const. 1101, secs. 600, 601.)

C. W. Beale, for Respondent.

The decisions appear to be uniform in holding that no action can be maintained for the recovery of commissions upon an oral contract of employment for the sale of real property, where it is provided by statute that such contracts shall be in writing. (*McMurran v. Duncan,* 17 Ariz. 552, 155 Pac. 306; *Zimmerman v. Zehender,* 164 Ind. 466, 3 Ann. Cas. 655, 73 N. E. 920; *Beahler v. Clark,* 32 Ind. App. 222, 68 N. E. 613; *Covey v. Henry,* 71 Neb. 118, 98 N. W. 434.)

"The plaintiff, however, claims to recover on a *quantum meruit.* This is a mere attempt in this case to evade the statute." (*Leimbach v. Regner,* 70 N. J. L. 608, 57 Atl. 138; *Whiteley v. Terry,* 83 App. Div. 197, 82 N. Y. Supp. 89.)

The law having specifically declared that no contract is valid which is not in writing, the courts are not authorized to say that an oral contract is valid or that recovery can be had thereon, or on an implied contract, or for reasonable value of services, or upon a full performance of services. (*McCarthy v. Loupe,* 62 Cal. 299; *Myres v. Surryhne,* 67 Cal. 657, 8 Pac. 523; *Jamison v. Hyde,* 141 Cal. 109, 74 Pac. 695; *Shanklin v. Hall,* 100 Cal. 26, 34 Pac. 636; *Cushing v. Monarch Timber Co.,* 75 Wash. 678, Ann. Cas. 1914C, 1239, 135 Pac. 660: *Keith v. Smith,* 46 Wash. 131, 13 Ann. Cas. 975, 89

Pac. 473; *Lueddemann v. Rudolf,* 79 Or. 249, 154 Pac. 116, 155 Pac. 172; *Selvage v. Talbott,* 175 Ind. 648, Ann. Cas. 1913C, 724, 95 N. E. 114, 33 L. R. A., N. S., 973.)

The full performance of the services by the plaintiff does not take the case out of the statute. (*Sorenson v. Smith,* 65 Or. 78, Ann. Cas. 1915A, 1127, 129 Pac. 757, 131 Pac. 1022, 51 L. R. A., N. S., 612; *Lowe v. Mohler,* 56 Ind. App. 593, 105 N. E. 934; *Crow v. Carter,* 5 Ind. App. 169, 31 N. E. 937; *King v. Benson,* 22 Mont. 256, 56 Pac. 280; *Goldstein v. Scott,* 76 App. Div. 78, 78 N. Y. Supp. 736.)

Appellant has injected into his second cause of action his expense account as a part of the alleged agreed compensation or reward for making the sale. He cannot evade the requirements of the statute in this manner. (*Stout v. Humphrey,* 69 N. J. L. 436, 55 Atl. 281; *Fullenwider v. Goben,* 176 Ind. 312, 95 N. E. 1010.)

FLYNN, District Judge.—This is an action brought to recover the reasonable value of services actually rendered by appellant in finding a purchaser for and making a sale of certain mining claims and for expenses incurred in connection therewith, which services were rendered at the request and with the knowledge and consent of respondent, who accepted and retained the services and fruits thereof.

The complaint admits that there was no written contract between the parties, and a demurrer thereto, based on Sess. Laws 1915, chap. 131, p. 287, C. L., sec. 6012, and on other grounds, not necessary to be discussed in view of the conclusion we have reached, was sustained.

The statute relied on is as follows: "No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser of real estate of another, including mining or mineral claims, shall be valid unless the same shall be in writing, signed by the owner of such real estate or mining or mineral claim, or his legal, appointed and duly qualified representative."

The vital question is whether recovery can be had on a *quantum meruit* in the face of this statute, there being admittedly no written contract.

The appellant contends that the statute of frauds cannot be set up against an executed contract, and that the statute above quoted is a virtual extension or enlargement of the statute of frauds (*Selvage v. Talbott,* 175 Ind. 648, Ann. Cas. 1913C, 724, 95 N. E. 114, 33 L. R. A., N. S., 973), and should be construed as *in pari materia* (*Doney v. Laughlin,* 50 Ind. App. 38, 94 N. E. 1027); that there can be no difference in principle between this case and cases where the conveyance of real property is made without a written agreement but there has been performance of the verbal contract by one party, or cases where a person has been employed under a verbal contract to render services requiring more than one year for the performance thereof, or any other cases falling within the statute of frauds where an oral contract has been fully executed.

We think the construction contended for by appellant would absolutely nullify the statute. From its very nature a claim for commission cannot be made until earned. The sale is made, or the agent procures the purchaser ready and able to buy, and not until then does the right to the commission accrue. It accrues by virtue of a contract express or implied. But the statute says that no such contract shall be valid unless in writing. To hold that performance takes a claim of this character out of the operation of the statute would, in our opinion, leave nothing for the statute to operate on. Such construction would render the statute useless and meaningless and would be tantamount to saying that any contract for a commission or reward for the finding or procuring of a purchaser of the real estate of another is valid, though not in writing and not signed by the owner of such real estate, which is directly opposite to the expressed will of the legislature. The causes, theory and necessity of such legislation are discussed in some of the following cases, which support the conclusion we have reached: *McCarthy v. Loupe,* 62 Cal. 299; *McGeary v. Satchwell,* 129 Cal. 389, 62 Pac. 58;

*Rodenbrock v. Gress,* 74 Neb. 409, 104 N. W. 758; *Barney v. Lasbury,* 76 Neb. 701, 107 N. W. 989; *Selvage v. Talbott, supra; Keith v. Smith,* 46 Wash. 131, 89 Pac. 473; 13 Ann. Cas. 975, and cases cited in the note thereto.

Some of the statutes construed in the cases cited by appellant provide that no such contract shall be valid unless in writing; other statutes make such contract void unless in writing; others provide that no action shall be brought on such contract unless it is in writing. Though we recognize the distinction between void and voidable contracts, we are, nevertheless, unable to see why recognition of the right to recover under the oral contract alleged herein, or under a *quantum meruit* for the reasonable value of services rendered by the appellant herein, would not completely abrogate the statute.

The second cause of action alleges that appellant, in effecting the sale of respondent's mining claims, incurred and expended necessary expenses amounting to $150, which is alleged to be a reasonable amount, and that defendant undertook and agreed to pay said amount but has refused to pay. The claim for expenses is evidently based on an implied contract depending on and intimately connected with the claim for commissions. The expenses were incurred by appellant on his own account and in conducting his business as a broker. This being true, he is in no position to recover a judgment for such expenses in the absence of a direct request or express authorization to incur them.

As alleged, the claim for expenses is directly dependent on the validity of the claim stated in the first cause of action. In effect, we have held that the consummation of the sale is not a ratification of the agent's acts so as to entitle him to a commission contrary to the statute, and it seems to us that it would necessarily follow that there is no ratification of his expenditures, and that to allow recovery therefor, in the absence of a contract or promise to pay, would evade the statute.

There may be cases where an agent would be entitled to recover expenses incurred in effecting the sale of real estate,

even though there was no written contract between the owner and the agent, and it may be that *expenses* are not included within "a commission or reward" as used in the statute above discussed, but in such cases there must be a separate or severable contract for such expenses. (*Barney v. Lasbury, supra; Stout v. Humphrey,* 69 N. J. L. 436, 55 Atl. 281.)

The judgment is affirmed, with costs to respondent.

Morgan, C. J., and Rice, J., concur.

Petition for rehearing denied.