(March 18, 1920.)

CARL THELEN and WILLIAM THELEN, Infants, by
LOUISE THELEN, Their Guardian, Appellants, v.
WILLIAM THELEN, Respondent.

[188 Pac. 40.]

PLEADING AND PRACTICE—SPECIAL DEMURRER—WAIVER.

1. The objection that the plaintiff is without legal capacity to
sue must be taken by special demurrer or answer, or it is deemed
to have been waived.

APPEAL from the District Court of the Seventh Judicial
District, for Washington County. Hon. Ed. L. Bryan,
Judge.

Action to foreclose mortgage. Motion to dismiss sus-
tained, and judgment entered for defendant. *Reversed and
remanded.*

Paul Pizey, for Appellants.

Devaney & Carter, for Respondent.

Counsel cite no authorities on point decided.

RICE, J.—Appellants brought this action in the name of
Carl Thelen and William Thelen, infants, by Louise Thelen,
their guardian. The complaint alleges that Carl Thelen and
William Thelen are under the age of twenty-one years; that
in an action for divorce between their mother and father,
the district court had previously entered a decree in which
the care, custody and control of these minors was given to
Louise Thelen, their mother; that the decree remains un-
changed in this respect, and that Louise Thelen still has the
guardianship of the minors and of their property. No de-
murrer to the complaint was filed, and the respondent an-
swered to the merits. Upon the trial, when appellants rested

their case, upon motion of respondent the action was dismissed and judgment entered against appellants for costs, upon the theory that Louise Thelen, their mother, had never been appointed guardian of their property.

The allegations of the complaint are not sufficient to set out the appointment of a general guardian, and the record does not disclose the appointment of a guardian *ad litem* for the purposes of the suit.

It appears on the face of the complaint that appellants did not have legal capacity to sue. This is ground for special demurrer. Having taken no objection upon this ground, either by demurrer or answer, the respondent must be deemed to have waived the same. (C. S., secs. 6689; 6692 and 6693; *Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073; *Anthes v. Anthes,* 21 Ida. 305, 121 Pac. 553; *Baldwin v. Second St. Cable R. Co.,* 77 Cal. 390, 19 Pac. 644; *Blumauer v. Clock,* 24 Wash. 596, 85 Am. St. 966, 64 Pac. 844.)

The judgment is reversed and the cause remanded. Costs awarded to appellants.

Morgan, C. J., and Budge, J., concur.