**SELF v. GILBERT et al.**

No. 13150—Opinion Filed April 15, 1924.

Rehearing Denied Dec. 23, 1924.

1. **Brokers—Acting for Both Parties—Application of Rule.**

As a rule an agent cannot act as such for both parties to the same transaction in matters which involve the exercise of discretion, where the interests of the parties are conflicting, unless he does so with the knowledge and consent of both. This rule does not apply where the interests of the two principals are not conflicting and loyalty by the agent to one of them is not a breach of his duty to the other, as where the agent exercises no discretion in the matter and acts merely to bring the parties together and they themselves settle the terms of the agreement between them.

2. **Same.**

A broker may act for both parties in the sale of property and receive commissions from both, if he does so with their knowledge.

3. **Trial—Proper Refusal of Instructions.**

It is not error to refuse a requested instruction on an issue not raised by the pleadings, nor to refuse to give a requested instruction on an issue which is substantially covered by an instruction given by the court.

4. **Appeal and Error—Questions of Fact—Verdict.**

In an action at law tried before a jury, the verdict will not be set aside on appeal where the evidence reasonably tends to support the verdict, and where the case has been submitted on proper instruction.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Paul Gilbert and George H. Hall against George W. Self. Judgment for plaintiffs, and defendant appeals. Affirmed.

C. H. Carswell, for plaintiff in error.

A. J. Morris, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Caddo county by appellees, plaintiffs below, against the appellant, defendant in the lower court, to recover the sum of $500, the amount due appellees under an oral contract wherein they agreed to sell, trade, or exchange the farm of the appellant, and further allege that pursuant to said agreement they did cause an exchange of the property for a farm belonging to one Clayton Edwards. The defendant filed, as his answer, a general denial. The facts as disclosed by the record show that Edwards did not like the farm of the appellant, Self, and refused to trade for same, but thereafter the appellees, Gilbert and Hall, the real estate agents or brokers, negotiated a trade between Edwards and one Allison, wherein Allison desired to trade an oil station at Carnegie for a farm, however, he did not like the farm of Edwards, but was willing to trade the station for the farm of Self, the appellant herein, and by reason of these facts, the agents, Gilbert and Hall, were enabled to negotiate a deal whereby the Self farm was conveyed to Allison and the Edwards farm conveyed to Self and the oil station belonging to Allison conveyed to Edwards. There was some difference or boot paid Self in the transaction, but we take it that this matter, and the other negotiations leading up to the final consummation of these different deals are not material. The case was tried to a jury which returned a verdict in favor of the plaintiffs, appellees herein, for the sum of $500, the amount sued for, with interest at the rate of six per cent. per annum from the 8th day of March, 1921, and judgment was rendered accordingly by the

court. Motion for a new trial having been duly overruled, the defendant appealed to this court.

The appellant sets forth the following assignments of error:

"1. Error of the court in overruling defendant's motion for a new trial.

"2. Error of the court in excluding competent, relevant, and material evidence offered by the defendant below.

"3. Error of the court in admitting incompetent, irrelevant, and immaterial evidence offered on behalf of the plaintiffs below.

"4. Error of the court in giving to the jury instructions Nos. 4 and 5, over the objections of the defendant, and duly excepted to at the time by the defendant.

"5. Error of the court in refusing to give instructions Nos. 1, 2, and 3 requested by the defendant and duly excepted to at the time by the defendant."

The second assignment of error complained of, wherein the court excluded certain evidence offered by the defendant, we think is not well taken for the reason that the evidence offered was for the purpose of proving the value of the farm given in exchange for the Self farm, and for the purpose of showing the customary commission charged by real estate brokers in transactions of this character. This character of evidence would be competent and material if the issue raised was one of commission, but the allegation of plaintiffs' petition is, that they were to receive the sum of $500 for making the sale, trade, or exchange, consequently neither the value of the property nor the question of commission is involved under the pleadings, and it was not error to reject the evidence offered.

The next error complained of which we will notice is that wherein the appellant complains that the court committed error in refusing to give certain instructions requested by the defendant, as follows:

"1. This court instructs the jury that if the evidence in this case, establishing an agency between the plaintiffs and the defendant by the terms of which the plaintiffs agreed to exchange the defendant's farm for another farm, the law is that the plaintiffs would not be entitled to a commission from both the vendor and vendee, for the reason the law holds it against public policy to permit a recovery by an agent for a compensation for making an exchange of property from either the grantor or the grantee, unless such party from whom he seeks to recover, had full knowledge of such double agency at the time he employed the agent.

"2. The court further advises you that even though the defendant in this case may have been informed by Clayton Edwards before the transaction was finally closed, that the said Edwards had agreed to pay plaintiffs a commission for the sale or exchange of his farm, the defendant in this case would not be liable for any commission he may have agreed to pay the plaintiffs, unless with a full knowledge of the agreement between plaintiffs and the said Clayton Edwards, he, the said defendant, there-after actually agreed to pay the said plaintiffs the commission sued for herein.

"3. The court further advises you that in this case it makes no difference whether or not the defendant was actually injured by the fact that the plaintiffs acted as the agent for both defendant and Clayton Edwards, or that the plaintiffs were guilty of any actual wrong, as the acts of the plaintiff would be against public policy and void."

The court gave the following instruction:

"5. The court further instructs the jury that although you may find and believe from the evidence that there was a contract between the plaintiffs and defendant as set out and alleged by the plaintiffs, still if you find and believe from the evidence that the plaintiffs were at the time of the exchange of farms the agents of Clayton Edwards and were receiving a commission from him for the exchange of his farm to the defendant herein and that the defendant had no knowledge of said agency on the part of the plaintiffs and Clayton Edwards, then the law would be for the defendant and you should so find."

—which was excepted to by the defendant; but we are inclined to the opinion that it substantially and practically covers the same rule of law as set forth in the requested instructions No. 1, which is a correct rule of law. We think no error was committed by the court in refusing to give requested instruction No. 2, as the vital question there involved was covered by instruction No. 5, given by the court, and aside from that, the instruction No. 2 goes further than we think proper, wherein the court was asked to instruct the jury that it would be necessary for the defendant to have a full knowledge of the agreement between plaintiffs and the said Clayton Edwards, and that the defendant thereafter actually agreed to pay the said plaintiffs the commission sued for. We think that any knowledge which brought home to the defendant, Self, the fact that Edwards was paying the plaintiffs a commission before he finally consummated the deal would be sufficient to estop him from raising the question at this time. It is also a close question of whether or not the rule contended for by the appellant, that the contract was void as against public policy,

applies in this case, on account of the nature of this transaction; the exchange of property between Edwards and Self being in an indirect manner, in fact there was no exchange of property between Edwards and Self. While Self procured Edwards farm, the motive and consideration which prompted Edwards to convey his property was the fact that he was to receive the oil station belonging to Allison and the farm of Self was conveyed to Allison and the oil station conveyed to Edwards and the real estate agents, appellees herein, might very consistently make the contention that the commission received from Edwards was paid them for negotiating the deal between Edwards and Allison and not between Edwards and Self, and viewing it from that light it would be immaterial whether Self had notice of that fact or not. However, it is a question of fact and when fairly submitted to the jury and there is evidence reasonably tending to support the verdict of the jury, same is conclusive in this court. The appellant cites the case of Union Central Life v. Champlain, 11 Okla. 184, 65 Pac. 836, and other authorities in support of the contention that an agent is not entitled to collect commission from both parties to a transaction with whom he is dealing, and that same is against public policy. We have no criticism to make of this rule of law, but do not find that the authorities cited are applicable to the case at bar. The evidence in this case is not of the most satisfactory nature, but it does unquestionably show that the appellant, Self, had knowledge of the fact that the appellees, Gilbert and Hall, were handling or disposing of the Edwards farm, and Edwards, when called as a witness, testified that he told Self that he, Edwards, was paying the appellees a commission, and while there is some conflict in the evidence as to whether or not the appellant, Self, agreed to pay $500 as contended by the appellees, however, appellant does not seriously controvert this point and relies chiefly on the contention that appellees are not entitled to collect commission from both parties, but this is a question of fact and was determined adversely to the appellant by the jury, and there was evidence reasonably tending to support the same, and in keeping with a long line of authorities and the rule which has been thoroughly established by this court, we feel that the judgment should not be disturbed.

The appellant also makes the contention that the evidence was not sufficient to sustain the verdict and judgment of the court in accord therewith, but this complaint, of course, is controlled by the same rules of law as control the various issues of fact raised in the trial of the case. Finding no reversible error, we therefore recommend that the case be affirmed.

By the Court: It is so ordered.