(No. 4844.  December 17, 1927.)

E. R. BRACE, Appellant, v. RICHARD H. JOHNSON, Respondent.

[262 Pac. 148.]

BROKERS—NECESSITY OF CONTRACT IN WRITING.

Plaintiff could not recover on oral agreement to effect that, if plaintiff procured purchaser on defendant's acquiring title to certain property through sheriff's deed, he should receive from defendant for his services all of sale price in excess of $2,000, which was the cost of the property to defendant, since it

amounted to contract for payment of commission for procuring purchaser of real estate, which must be in writing to be valid under C. S., sec. 7979.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Action to recover for services rendered. Appeal from order sustaining demurrer and judgment of dismissal. *Affirmed.*

F. A. Hagelin and D. L. Rhodes, for Appellant.

C. S., sec. 7979, is intended for the protection of the owners of real estate against the unfounded claims of brokers, and was never intended to apply to an agreement as between persons not standing in the relation of owner and broker. (*Johnston v. Porter,* 21 Cal. App. 97, 131 Pac. 69; *Casey v. Richards,* 10 Cal. App. 57, 101 Pac. 36; *Baker v. Thompson,* 14 Cal. App. 175, 111 Pac. 373; *Gorham v. Heiman,* 90 Cal. 346, 27 Pac. 289.)

The pleading of this case shows conclusively that the contract is one for service on the part of the plaintiff to ascertain the value of the property for the defendant; that the sale of the property was only an incident to fix the liability of defendant for payment of the same, which service he has accepted and withholds the part of the purchase price he agreed to pay plaintiff. (*Darknell v. Coeur d'Alene etc. Transp. Co., Ltd.,* 18 Ida. 61, 108 Pac. 536; *King v. Seebeck,* 20 Ida. 223, 118 Pac. 292.)

Publisher's Note.

Right of broker to recover commission under oral contract of employment where statute requires written contract, see notes in 13 Ann. Cas. 977; Ann. Cas. 1915A, 1133. See, also, 4 R. C. L. 300. Necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see notes in 44 L. R. A. 601; 9 L. R. A., N. S., 933.

See Brokers, 9 C. J., sec. 60, p. 558, n. 9; sec. 110, p. 636, n. 43.

Had the parties contemplated a broker's agreement, the plaintiff would have been entitled to insist upon payment when he brought the parties together, and would not have been required to wait until defendant was fully paid. (*Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Tonkin-Clark Realty Co. v. Hedges,* 24 Ida. 304, 133 Pac. 669.)

Charles F. Reddoch, for Respondent.

This being an action for the recovery of compensation for finding a buyer for real property, no recovery can be had, as the contract declared upon rests in parol. (C. S., sec. 7979; 9 C. J. 558; *Weatherhead v. Cooney,* 32 Ida. 127, 180 Pac. 760.)

Where the statute requires a brokerage contract to be in writing, no recovery can be had upon a *quantum meruit.* (*Weatherhead v. Cooney, supra; McMurran v. Duncan,* 17 Ariz. 552, 155 Pac. 306; *Jamison v. Hyde,* 141 Cal. 109, 74 Pac. 695; *Holland v. Flash,* 20 Cal. App. 686, 130 Pac. 32; *Fullenwider v. Goben,* 176 Ind. 312, 95 N. E. 1010; *Nisbet v. Dozier,* 204 Ky. 204, 263 S. W. 736; *Paul v. Graham,* 193 Mich. 447, 160 N. W. 616.)

Performance by the broker does not remove the bar of the statute. (*Weatherhead v. Cooney, supra; Taylor v. Peterson,* 76 Or. 77, 147 Pac. 520; *Keith v. Smith,* 46 Wash. 131, 13 Ann. Cas. 975, 89 Pac. 473.)

The special demurrer is well taken, in that the amended complaint fails to disclose the time within which the plaintiff was to perform his part of the contract. (2 C. J., p. 619; *Rice Lands & Products Co. v. Blevins,* 61 Cal. App. 536, 215 Pac. 402; *Slotboom v. Simpson Lumber Co.,* 67 Or. 516, Ann. Cas. 1915C, 339, 135 Pac. 889, 136 Pac. 641.)

BABCOCK, Commissioner.—The amended complaint in this action was filed January 1, 1919, and contains in substance the following allegations: That on January 1, 1919, the defendant claimed to have an account against the Flint Mines, Ltd., a corporation, which was then the owner of certain patented quartz mining claims, describing the same;

that at said time the property had been idle for many years, and due to this fact it was difficult to ascertain the extent of the work which had been done, or whether or not the property had any value, present or prospective; that the defendant was desirous of collecting his alleged claim, but did not desire to make any expenditures unless he could ascertain the probable value of the property, which could only be done by an examination and certain work and labor in opening up the underground works of said property, and that defendant thereupon orally proposed to plaintiff that if the latter could secure a person who was ready, willing and able to examine the property and ascertain whether or not it had any value, either present or prospective, by performing the necessary work and labor to determine the same, and who would thereupon enter into a contract or agreement with the defendant to purchase the property in an amount sufficient to pay the alleged claim of the defendant, to wit, the sum of $2,000, that the defendant would reduce his claim to judgment and obtain title, if possible, through a sheriff's deed, and if such title was agreeable to the proposed purchaser, defendant would receive for the use and benefit of plaintiff, and give over to plaintiff as compensation for his services in assisting the defendant in collecting the amount claimed to be due him, whatever sum or sums the purchaser would pay for the property over and above the amount of his claim and costs and expenses of reducing said claim to judgment whenever and at whatever time the same should be paid to the defendant; that pursuant to said oral agreement, plaintiff procured R. C. Dugdale to examine the property and perform the work and labor necessary to determine the value thereof, and on or about October 1, 1921, Dugdale entered into an agreement with the defendant whereby he agreed to purchase the property for the sum of $10,000, if the defendant could obtain title thereto through sheriff's deed; that thereafter, on or about December 20, 1922, the defendant, for the purpose of reducing his claim to judgment, instituted an action in the district court against the Flint

Mines, Ltd., the charter of the corporation having theretofore been forfeited, and which claim was thereafter, about June 1, 1923, reduced to judgment and the property thereafter sold at sheriff's sale, and there being no redemption therefrom, a deed to the same was issued by the sheriff and delivered to defendant on June 20, 1924, and thereafter, on June 23, 1924, Dugdale, by his assignee, the Precious Metals Mines Company, completed the purchase for $10,000; that plaintiff's services in connection with said contract were completed and terminated on said last-named date and he thereupon became entitled to the sum of $8,000, which the defendant has refused to pay.

Defendant interposed a general demurrer to the amended complaint. He also demurred separately on the ground that it could not be determined therefrom the time within which the plaintiff was required to find a person who was ready, willing and able to examine the property and enter into a contract of purchase, and in that it could not be determined when the plaintiff secured Dugdale for this purpose. The demurrer was sustained, the plaintiff declined to amend and judgment of dismissal was entered, from which the plaintiff appealed.

The specifications of error are: The action of the court in sustaining the demurrer and in dismissing the action.

The allegations of the complaint are to the effect that upon the respondent acquiring title to the property in question, if appellant procured a person to enter into a contract with the respondent for the purchase of the property, he should be paid or receive from respondent for his services all of the sale price of the property in excess of the sum of $2,000, the cost of the property to the respondent; and this amounted to a contract for the payment of a commission for procuring a purchaser of real estate.

C. S., sec. 7979, provides:

"No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser of real estate of another shall be valid unless the same shall be in

writing, signed by the owner of such real estate or his legal, appointed and duly qualified representative.''

This court held in *Weatherhead v. Cooney*, 32 Ida. 127, 180 Pac. 760, that by reason of the provisions of the statute, no recovery can be had by a broker for commission for sale of real estate, under an alleged oral contract with the owner, in an action on *quantum meruit;* neither can a broker recover his expenses incurred in connection with the sale thereof in the absence of a contract to pay therefor.

The complaint alleges that the contract was oral. It follows that the complaint did not set up a valid contract and consequently did not state a cause of action, and the court did not err in sustaining the demurrer or in entering judgment of dismissal.

The action of the trial court in that regard should be affirmed, and we so recommend.

Adair, C., concurs.

The foregoing is approved as the opinion of the court. The order sustaining the demurrer and the judgment of dismissal are affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Budge and Taylor, JJ., did not sit at the hearing and took no part in the decision.