## BROCKMAN v. DELTA MFG. CO.

No. 28591. Feb. 14, 1939.

C. H. Jameson and O. C. Essman, for plaintiff in error.

Edgar G. Theus and Ross G. Hume, for defendant in error.

BAYLESS, C. J. Delta Manufacturing Company, a corporation, sued Edwin N. Brockman in the court of common pleas of Oklahoma county to recover the balance due upon a promissory note. Brockman filed an answer containing defensive matter, and a cross-petition seeking the return of money paid under the contract out of which the note came upon the ground of rescission. A jury was impaneled, but at the close of the case the court directed a verdict for the plaintiff, and Brockman appeals.

Some argument is made respecting the nature of the action, and the nature of the judgment rendered with respect to the weight of the evidence. It is said if it was a legal action, the judgment must be sustained because there was some evidence to support the judgment and none to raise a conflict therewith: but if it was an equitable matter, it could not be reversed, unless the judgment was clearly against the weight of the evidence. We consider this largely immaterial in view of the legal question raised upon which the evidence is stipulated.

Brockman bought the property in California through agents, paid some cash and agreed to pay the balance in installments, and did so for nearly two years.. He took possession of the property and collected the rents from it for years. Eventually, he breached the terms of the note, and suit was brought upon it in Oklahoma. He thereupon learned, and pleaded (and it was expressly admitted) that his agents were also agents for the plaintiff vendor. He asserted that this dual agency rendered the contract voidable, and he sought appropriate relief. As we said, the plaintiff stipulated that the agents were its agents for sale also. Brockman proved that he relied upon their discretion, and knew nothing of their dual agency until after this suit was filed.

The defense was good, and should have been sustained. See 2 Am. Jur. 202, ch. 9, and particularly section 262 et seq., and the following cases: Hunter Realty Co. v. Spencer, 21 Okla. 155, 95 P. 757; Plotner v. Chillson, 21 Okla. 224, 95 P. 775; Chandler v. Lack, 73 Okla. 285, 170 P. 516; Self v. Gilbert, 105 Okla. 140, 231 P. 870; Pickering Lbr. Co. v. Sherritt, 105 Okla. 52, 233 P. 179; Cogswell Lbr. Co. v. Mannahan, 135 Okla. 174, 274 P. 871, and Home Undertakers v. Bristow B. & L. Ass'n, 171 Okla. 208, 42 P.2d 259. The general rule of law recognized in most jurisdictions, and in this state and announced in the cited decisions, is that where an agent undertakes to act for both parties to a contract, and the nature of his duties requires the exercise of discretion, the dual representation is contrary to public policy and the contract is voidable in equity upon the application of either party. There are exceptions to this rule, one of them being knowledge of the dual agency, and this is recognized in Cogswell Lumber Co. v. Manahan, supra. Plaintiff attempts to escape the effect of this rule by contending that all of our cases involve efforts of the agent to enforce his rights under the contract, and do not involve an effort of one of the parties to enforce rights under such a contract. This is not correct. Hunter Realty Co. v. Spencer, and Home Undertakers v. Bristow B. & L. Ass'n, supra, are cases where one of the parties represented was permitted to void the contract upon bringing himself within the rule.

Neither party pleaded nor proved the law of California, but in our review of the decisions of the various jurisdictions on this point we notice California cases, and they announce the same rule. Blood v. La Serena, etc., Co., 113 Cal. 221, 41 P. 1017, and 45 P. 252, and Silver v. Logue (Cal. App.) 16 P.2d 183.

The trial court committed error in rendering judgment for the plaintiff against Brockman upon the note, and in refusing to treat the note and the contract upon which it is based as voided upon the showing made. Brockman sought equitable relief which would include the return to him of the money paid upon the contract and note, but he should be required to account fully

358

for the rents collected from this property, for it appears that he collected these rents through successive agents for several years.

The judgment is reversed,. and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

CORN, GIBSON, HURST, and DAVISON, JJ., concur.