403 P.2d 585

**Gilbert ROBERTSON, Plaintiff-Appellant,**

**v.**

**James L. HANSEN and Emmaline E. Hansen, husband and wife, Defendants-Respondents.**

**No. 9516.**

Supreme Court of Idaho.

June 24, 1965.

Smith & Miller, Caldwell, for appellant.

Gigray, Boyd & Downen, Caldwell, for respondents.

McFADDEN, Justice.

Plaintiff Gilbert Robertson, appellant herein, instituted this action to recover commission claimed due and owing him as a real estate broker, by reason of the sale of certain real property of the defendants, James L. Hansen and Emmaline E. Hansen, husband and wife, respondents herein. By

his complaint, appellant alleged that he was a licensed real estate broker and that he entered into the service of the respondents in such capacity at their request; that he procured and negotiated a sale of the respondents' real property upon terms and conditions agreeable to the respondents. He further alleged that the sale price of the property involved was $200,000 and that the ordinary and customary commission for negotiating and completing the sale of the real property is 5% of the purchase price and that $10,000 was a reasonable commission to be awarded him.

A copy of the contract of sale, wherein respondents, as first parties, agreed to sell and the second parties agreed to purchase the property, was attached to the complaint as Exhibit "A". This contract provided, among other things:

"The First Parties hereby represent that they retained the services of Gilbert Robertson, real estate agent of Caldwell, Idaho, in arranging the within sale to the Second Parties. The First Parties covenant that they shall pay the said Gilbert Robertson any fee or commission to which he may be entitled by reason of this sale, and the First Parties further covenant to hold the Second Parties [harmless] from any liability to the said Gilbert Robertson for such fee or commission."

Respondents filed a motion to dismiss the action for failure to state a claim upon which relief could be granted. The motion to dismiss was treated by the trial court as a motion for summary judgment, and the trial court granted the motion and entered judgment dismissing the action, from which judgment this appeal has been taken.

By his assignments of error, appellant claims the trial court erred in granting the summary judgment because there remained issues of fact to be determined by a trial in the action, "particularly relating to the agreement of the parties, if any exists, to the amount of the commission due to the plaintiff and as to the value of plaintiff's services and whether or not they were performed."

By stipulation the parties agreed that the contract of the respondents and their purchasers, and also a copy of a real estate broker's employment contract signed by appellant and respondent, would be admitted in evidence for consideration by the court on the motion for summary judgment. The listing agreement contained no description of the real property involved. The complaint in this action did not mention this listing agreement. Appellant does not seek recovery on this listing agreement, conceding that it fails to comply with the legal requirements for its enforcement.

Appellant does contend, however, that the portion of the respondents' agreement

**110**

to sell, exhibit "A", attached to the complaint, is sufficient to bring this case within the theory of the case of Homefinders v. Lawrence, 80 Idaho 543, 335 P.2d 893 (1959).

In the Homefinders case appellants Lawrence and wife desired to exchange their acreage for business property and orally employed Rutledge, a licensed real estate broker and a partner in the Homefinders firm, to locate such property. Rutledge located an apartment building and an exchange contract was entered into between the apartment owner and Lawrence. Contemporaneously, the apartment owner and the appellant each signed a rider to the exchange contract. The rider signed by appellant Lawrence stated that he ratified and confirmed the employment of Rutledge to procure the purchaser for his property and in consideration for the prior service of bringing about the sale, agreed to pay a commission of $750. Respondent broker brought suit for the commission and the court rendered judgment, in the brokerage firm's favor. On appeal, Lawrence contended that the broker was not entitled to recover the commission since there was no written listing agreement required by I.C. § 9–508. In answer to this contention, this court said:

"Here, however, respondent's first cause of action is not dependent upon any contract meeting the requirements of I.C. § 9–508, obligating appellants to pay for respondent's services to be rendered in finding a purchaser; rather, respondent's action is predicated upon the promise of appellant John R. Lawrence to pay a broker's commission to respondent for its services rendered, evidenced by the rider hereinbefore set out, made after rendition of those services. Moreover, the later written instrument is presumptive evidence of a valid consideration, I.C., § 29–103, and the burden rested upon appellants to avoid the instrument, I.C., § 29–104.

"Appellant Lawrence, by such written instrument, agreed to pay for respondent's services already rendered; it is unrelated to any oral contract to pay a commission for services yet to be performed. Simply stated, the action is predicated on the theory of respondent's rendition to appellants of past valuable services,—not services to be performed in the future,—and the latter's written promise to pay therefor. Such a written acknowledgment of services and promise to pay therefor are held to satisfy the requirement of the Statute of Frauds of like or similar import as I.C., § 9–508. [cases cited]"

In this cause it is the appellant's contention that under the provision in the sales agreement, Exhibit "A", the respondent (1) acknowledged the employment of

appellant as a broker, (2) promised to pay any fee or commission to which he is entitled, and (3) agreed to hold the purchasers harmless from liability for the fee or commission. Appellant then claims that under the Homefinders case the instant written instrument agreeing to pay for services already rendered in a real estate transaction is sufficient to satisfy the requirements of I.C. § 9–508. With this contention we do not agree.

In the Homefinders case there was a direct agreement with the broker to pay him a fixed amount. The issue there was whether there was consideration for such agreement, and this court held that the moral obligation to pay under an oral agreement, while not legally enforceable, was sufficient consideration to support the subsequent agreement. In the instant case there is no direct agreement to pay the broker. The agreement is between the vendor and his purchaser and not between the vendor and the broker. It recognizes that respondent retained appellant's services; it does not, however, contain any express agreement to him; all that it recites is that they would pay him "any fee or commission to which he may be entitled." I.C. § 9–508 provides:

"*No contract* for the *payment of any sum of money* or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser of real estate of another shall be valid unless the same shall be in writing, signed by the owner of such real estate, * * *". (Emphasis added.)

It is our conclusion that this provision of the agreement was a "hold harmless" agreement between the parties to the sales agreement and that it cannot be expanded into an agreement by the respondents to pay to appellant "any sum of money", especially where the fixed amount to be paid is not specifically set forth. Homefinders v. Lawrence, supra, Carney v. McGinnis, 68 N.M. 68, 358 P.2d 694 (1961); Muir v. Kane, 55 Wash. 131, 104 P. 153, 26 L.R.A.,N.S., 519 (1909); Realty Mart Corporation v. Standring, 165 Wash. 21, 4 P.2d 1101 (1931); Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 482, 9 A.L.R.2d 742 (1949); Annot: 9 A.L.R.2d 747.

While appellant asserts that there still remain issues of fact to be resolved, such issues are not material to the decision, I.R.C.P. 56(c), for appellant has failed to establish any agreement upon which to base his claim as required by I.C. § 9–508. Nor would appellant be entitled to recover on a quantum meruit theory, or implied contract. Weatherhead v. Cooney, 32 Idaho 127, 180 P. 760; 41 A.L.R.2d 905.

The summary judgment for respondents is affirmed.

Costs to respondents.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.