## LEWK et al. v. ABBOTT et al.

No. 16900—Opinion Filed July 27, 1926.

(Syllabus.)

**Brokers—Right to Commission—Performance of Services—Default of Principal.**

Where a real estate broker furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and if thereafter the seller refuses to comply with his contract, the agent is not required thereafter to procure or tender to the seller an enforceable contract of purchase.

Error from Court of Common Pleas, Tulsa County; Robert D. Hudson, Judge.

Action by Abbott & Welch, real estate brokers, against Ida B. Lewk and L. D. Lewk upon contract for commission. Judgment for plaintiffs, from which defendants appeal. Affirmed.

J. J. Henderson, for plaintiffs in error.

C. R. Thurlwell, for defendants in error.

RILEY, J. This cause presents an action by a real estate broker upon a verbal contract for commission earned in procuring a purchaser ready, able, and willing to buy.

The parties will be referred to as they appeared below.

The trial court found, in substance, that defendants were husband and wife and owned certain residence property in the city of Tulsa; that plaintiffs were real estate dealers in said city; that defendants listed their property with plaintiffs for sale, and plaintiffs found a purchaser, to wit, Independent Torpedo Company, which was ready, willing, and able to purchase said property; that defendants entered into a written contract for the sale of said property and received from said company $1,500 as a part of the purchase price; that the defendants agreed to pay the plaintiff real estate brokers a commission of five per cent. on the first $5,000, and two and one-half per cent. on the balance, or a total of $500; that a credit as an offset of $123 should be allowed. Judgment was accordingly rendered for plaintiffs in said sum with interest.

It appears that in Abbott et al. v. Independent Torpedo Co., 98 Okla. 239, 224 Pac. 708, this subject-matter was before the court, and the Independent Torpedo Company brought suit against these defendants in error for the recovery of $1,500, "earnest money" paid them as agent for the plaintiffs in error. Therein Ida B. Lewk filed her answer, pleading ratification of the contract

of sale, and admitting Abbott and Welch to be her duly authorized agents. This court held the contract of sale to be void, and that the title tendered was not merchantable.

By the adjudication of this subject-matter we are forced to the conclusion that a valid contract of sale was not procured—but is it necessary for the recovery of a commission by a real estate broker, in the absence of a stipulation to that effect, that he produce the purchaser's written contract of purchase? We think not.

In Worley v. Carroll, 110 Okla. 199, 237 Pac. 120, it is said:

"Where a broker contracts to furnish a purchaser ready, able, and willing to purchase described property on the owner's terms, he is not required to produce the purchaser's written contract of purchase, unless the contract so provides." (And authority cited.)

In the case of Bleecker v. Miller, 40 Okla. 374, 138 Pac. 809, this court held as follows:

"Where a real estate broker furnishes a purchaser ready, willing, and able to buy upon terms and conditions proposed by the seller, such agent has earned his commission, and if thereafter the seller refuses to comply with his contract, the agent is not required thereafter to procure or tender to the seller an enforceable contract." Garland v. Carpathia Pet. Co., 99 Okla. 210, 226 Pac. 379; Batemen v. Richards, 105 Okla. 272, 232 Pac. 443; Am. Oil & Ref. Co. v. Clements, 99 Okla. 204, 225 Pac. 349; Pliler v. Thompson, 84 Okla. 200, 202 Pac. 1016.

From an examination of the record we are of the opinion that there is sufficient evidence to warrant the finding that the plaintiffs procured a purchaser ready, able, and willing to buy, and for the reasons stated, and upon the authorities herein cited, the judgment of the trial court is affirmed.

BRANSON, V. C. J., and HARRISON, MASON, PHELPS, and LESTER, JJ., concur. HUNT, J., disqualified, not participating.

Note.—See 9 C. J. p. 596 §87; p. 609 §93; anno. 44 L. R. A. 593; 4 R. C. L. p. 307; 1 R. C. L. Supp. p. 1113; 4 R. C. L. Supp. p. 262.