## WARD v. McKENNEY.

No. 20210. Opinion Filed July 14, 1931.

C. S. Fenwick, Guy Green, and Robert R. Pruet, for plaintiff in error.

J. L. Vertrees, E. N. Anderson, and E. B. Anderson, for defendant in error.

CLARK, V. C. J. This is an action commenced in the district court of Jefferson county by defendant in error, J. W. McKenney, plaintiff below, against E. C. Ward, plaintiff in error herein. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged in his petition that he was in the real estate business, and that the defendant, the owner of the property described in the petition, listed the said property with him for sale by written communication and agreed to pay a commission of $300. That he procured a purchaser who was ready, willing, and able to pay for same upon the terms and conditions demanded and notified defendant; and defendant canceled said contract and refused to sell said real estate upon the terms he had theretofore agreed to accept. Prayed for judgment against defendant for $300 with interest thereon.

After motions and demurrers were filed and ruled upon, the defendant filed his answer by way of general denial; admitted he made plaintiff an offer of the land for sale, but that plaintiff failed to find a buyer according to his terms of offer and he withdrew said lands from sale.

On hearing of the cause a jury was waived and the cause tried to the court. Demurrer was filed to plaintiff's evidence and overruled. Judgment was rendered for plaintiff for amount sued for. Motion for new trial

was filed and overruled, and defendant brings the cause here for review.

The evidence introduced shows that plaintiff lives in Addington, Jefferson county, Okla., and defendant, a resident of Hollywood, Cal., owned the lands described in the petition in Jefferson county.

The oral evidence and the letters and telegrams admitted in evidence disclosed that the defendant listed his lands for sale with plaintiff at $30 per acre and that plaintiff found purchasers therefor who were ready, able, and willing to purchase the same at $30 per acre on the terms and conditions of defendant. That said purchasers put up $500 with the plaintiff as a guarantee of their good faith. That defendant forwarded deed and draft to the bank at Addington and asked that proceeds be collected thereon for 260 acres of land. That the purchasers refused to accept the same for the reason defendant only owned 254.80 acres as shown by the patents to said lands; and also for the reason that defendant did not provide for paying a small amount of taxes remaining due on said lands, and for the further reason said deed did not show whether the defendant was a married man or single man.

The defendant admitted in his deed that he did not own 260 acres for the reason, after the description in said deed, the following appears: "Less right-of-way of C. R. I. & P. Railway." Defendant also admitted in his letter to plaintiff, after having bank to return deed when draft not paid, that he had found out that the contentions of the purchasers with reference to the number of acres and taxes were true and that he had made a mistake therein, as follows:

"After taking everything into consideration and due to the wide difference in the amount that I had originally figured as being due me and the amount figured by your client believe it is best to call the sale off for the present. In all negotiations concerning this property, I had always figured on a basis of 260 acres, but after checking up my records find that 254.80 is correct. The taxes were an oversight on my part."

The contention of plaintiff in error that plaintiff at no time procured a purchaser willing, ready, and able to purchase the property of the defendant on the terms offered by him is not well taken, as the evidence discloses that the property was listed at $30 per acre and the defendant in preparing his draft figured 5.20 acres in the draft more than he owned, and when plaintiff's purchasers discovered that defendant was endeavoring to make them pay for something he did not sell and something he did not own, they refused to take up the draft, but at all times were ready and willing to complete the deal on the terms of $30 per acre, which were the terms of defendant.

The next contention of plaintiff in error, that defendant had a right to withdraw his offer at any time before acceptance, is correct; however, we hold that in the case at bar the broker had earned his commission and the seller could not withdraw his offer to the detriment of paying the broker his commission.

And the third and last contention of plaintiff in error, that plaintiff failed to procure for defendant a contract enforceable against the proposed purchaser, is without merit.

In the case of Paris v. O'Harro, 100 Okla. 264, 229 Pac. 161, 2nd and 3rd syllabus paragraphs, this court said:

"2. The inability of the prospective purchaser to complete the purchase is not available as an afterthought to defeat the right of the broker employed to find a purchaser to recover his agreed commission, where the sale failed wholly through the fault of the owner, who made no objection to the purchaser.

"3. Where a broker, or agent, furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and if thereafter the seller refuses to comply with his contract, the agent is not required to procure or tender to the seller an enforceable contract."

In a law action, where the trial is to the court, a jury having been waived, the finding and judgment of the trial court will not be disturbed on appeal because of insufficiency of the evidence, if there is any evidence reasonably tending · to support such finding and judgment.

We are clearly of the opinion that the trial court committed no error in overruling the demurrer to the evidence of plaintiff, and that the judgment of the court pronounced thereon in this case is fully sustained by the evidence and the law applicable thereto.

We are, therefore, of the opinion that the judgment of the lower court should be, and is hereby, affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

SWINDALL, J., absent.

Note.—See under (1) anno. 43 L. R. A. pp. 598, 599; 4 R. C. L. p. 308; R. C. L. Perm. Supp. p. 1110; R. C. L. Continuing Perm. Supp. p. 156.