**KOCH et al. v. E. D. SMITH CO., Inc., et al.**

No. 23047.   Dec. 18, 1934.

C. E. Thomas, for plaintiffs in error.

W. F. Smith, for defendants in error.

PER CURIAM. This is an action commenced in the superior court of Creek county, Okla., Drumright division, by defendants in error E. D. Smith Company, Inc., and T. S. Connally, plaintiffs below, against J. A. Koch and J. A. Koch doing business as Koch Hardware Company of Oilton, Okla., plaintiffs in error herein. The parties will be referred to as they appeared in the trial court.

The plaintiff E. D. Smith Co., Inc., a real estate brokerage firm of Oklahoma City, and plaintiff T. S. Connally, working as a salesman for said company, alleged in their petition that the said J. A. Koch listed certain real estate owned by the said J. A. Koch in Oilton, Okla., and also stock of merchandise consisting of hardware and furniture, doing business as J. A. Koch Hard-

ware Co. at Oilton, Okla., for sale or trade. That the plaintiffs procured Roy M. Smith, who owned certain real property in Norman, Okla., who was ready, willing, and able to exchange the said Norman property for the property belonging to the defendant in Oilton, Okla., upon the terms and conditions agreeable and acceptable to the defendants, and that the defendant, J. A. Koch, entered into a written contract with the said Roy M. Smith for the exchange of the properties, and that for their services in bringing the parties together and effecting the trade between them, the defendant, J. A. Koch, agreed to pay to the plaintiffs jointly the sum of $300 commission. To the original petition filed in said cause plaintiffs attached a copy of the contract entered into between J. A. Koch and Roy M. Smith, in which contract the following paragraph was contained:

"It is also agreed and understood that the party of the first part shall pay T. S. Connally and E. D. Smith Co., jointly, the sum of $500 commission. It is also agreed and understood that the party of the second part shall pay $300 commission."

Defendant filed motion to strike certain paragraphs of the petition, wherein the contract between J. A. Koch and Roy M. Smith was pleaded, upon the grounds that the plaintiffs E. D. Smith Co., Inc., and T. S. Connally were not parties to the contract, and that the contract was evidence only and not connected with the statement of the cause of action. The motion to strike was sustained, and the plaintiffs filed their amended petition, wherein they pleaded the listing of the property for sale or exchange, the subsequent contract for exchange with the said Roy M. Smith, and agreement of the defendant to pay the $300 commission. To the amended petition the defendant filed an answer, which is in words and figures as follows:

"Comes now the defendant, J. A. Koch, and for answer to the petition of the plaintiff filed herein denies each and every material allegation therein contained.

"Defendant further answering said petition alleges and states that the Roy M. Smith, mentioned in plaintiffs' petition as being the person with whom the said plaintiffs brought the defendant in touch with, and with whom a certain exchange of property was offered, as is alleged in paragraph (2) of said petition, is a member of the firm of E. D. Smith Co., Inc., plaintiffs herein, and that the commission as real estate brokers, which is the subject of this action, is an attempt on the part of the plaintiffs to collect a commission from this

defendant for the making of a sale of their own property.

"Wherefore, defendant prays that the plaintiff take nothing and that the defendant have judgment for his cost herein."

On hearing of the cause a jury was waived and the cause tried to the court. Demurrer was filed to plaintiff's evidence and overruled. Judgment was rendered for plaintiff for amount sued for. Motion for new trial was filed and overruled, and defendant brings the cause here for review.

From an examination of the record, we find that the evidence discloses that the defendant, J. A. Koch, owned certain real property and a stock of merchandise in Oilton, Okla. That, in January, 1930, he got in touch with T. S. Connally, who was then engaged in the real estate business at Norman, Okla., and working for the E. D. Smith Co., Inc., as a salesman, advising Mr. Connally that he owned the property in Oilton, and that he would like to sell the same, or exchange for property located in Oklahoma City, Norman, or some other location. The evidence discloses that Conally first attempted to effect an exchange of property for Mr. Koch with a party owning property in Oklahoma City, but that upon viewing the property in Oklahoma City, Mr. Koch was not satisfied therewith and the trade was not consummated. After this trade failed, then Connally advised Koch that he had some apartment property in Norman, Okla., that he would probably like to trade for. Upon Koch viewing the property at Norman, they then went to Oklahoma City to the office of the E. D. Smith Co., Inc., where the said Koch entered into a contract with the owner of the Norman property, Roy M. Smith, for the exchange of properties, the said Koch agreeing to assume certain indebtedness owing on the Norman apartment property, at which time, evidenced by a paragraph in the contract, Koch agreed to pay to the E. D. Smith Co. and T. S. Connally a commission of $300 for their services in bringing about the trade. It seems that this trade was consummated after a series of negotiations between the said E. D. Smith Co., T. S. Connally, and the said Koch, whereby the realty company and the salesman were trying to locate an exchange of property for Mr. Koch which would be satisfactory to him. For some reason not disclosed by the record in this case, the defendant, Koch, failed and refused to carry out the trade as contracted.

Counsel for plaintiff in error, Koch, argues

that the court erred in admitting in evidence the contract entered into by and between Koch and Roy M. Smith, in that the contract was not pleaded, and also contended that the plaintiffs were relying solely upon the fact that Koch agreed in the contract to pay a $300 commission. It is true that the court struck the contract as an exhibit from the original petition, or struck certain paragraphs of the petition in which the contract was referred to and made an exhibit. However, when the plaintiffs filed their amended petition, in paragraph (2) thereof, they referred to the contract and attached it as an exhibit to the amended petition. We cannot agree with the contention of council that plaintiffs' suit in this case is predicated upon the written contract entered into between the said Roy M. Smith and the said J. A. Koch, but that said suit was brought by the plaintiffs for a commission due them upon their finding a purchaser ready, willing, and able to buy or trade or exchange upon the terms and conditions proposed by and satisfactory to the said J. A. Koch, for which he agreed to pay them a $300 commission. We do not think that the court erred in admitting the contract in evidence to show that the plaintiffs had furnished a purchaser ready, willing, and able to buy, or trade or exchange upon the terms and conditions proposed by Koch and satisfactory to him, and that he had agreed to pay them the $300 commission for their services in the matter.

Counsel also contends that the suit was brought upon a quantum meruit basis and that there was insufficient testimony upon which a judgment might be rendered for plaintiffs in that plaintiffs offered no testimony showing what the usual commission would be in such cases, or what would be a reasonable commission for such services. We cannot agree with counsel that plaintiffs relied upon a quantum meruit basis for the judgment in this case, but rather that it was a suit for services had and rendered, for which the defendant, Koch, had agreed to pay the sum of $300 commission, and the paragraph contained in the contract heretofore referred to was merely evidence that the defendant, Koch, and the realty company and salesman, T. S. Connally, had reached an agreement that they had earned the sum of $300 commission for their services in finding him a trade satisfactory to himself for his property.

Counsel for plaintiff in error contends that the court erred in refusing to permit him to introduce testimony showing why he did not

go ahead and carry out the trade with Roy M. Smith as he had contracted. He contends that he had a good and sufficient defense that he could have pleaded as against the contract and as against the plaintiffs' right to recover their commission, but that he was precluded from pleading this defense by the court striking from the original petition the contract as an exhibit, but we cannot agree with counsel in this contention. From examination of the answer hereinabove set out, it will be seen that the defendant, in addition to a general denial, pleaded only that the said Roy M. Smith was a member of the firm of E. D. Smith Co., Inc. and that the suit in this case was an attempt on. the part of the plaintiffs to collect a commission from the defendant for making a sale of their own property, and made no attempt to plead fraud, misrepresentation or other matters which might have constituted a defense to plaintiffs' cause of action, and we think that the court did not err in refusing to permit him to offer testimony as to why he did not carry out the trade.

The plaintiff, T. S. Connally, Roy M. Smith, and the defendant, J. A. Koch, all testified upon the trial of the . case. Connally testified as to all of the negotiations and dealings which brought about the trade between Roy M. Smith and J. A. Koch. Roy M. Smith testified that he was, at the time of making the contract, · and at all times thereafter, ready, willing and able to carry out the terms of the contract for trade. Mr. Koch admitted the execution of the contract, but denied that he knew the paragraph was therein in which he agreed to pay the $300 commission. From all of the testimony the trial court found:

"That the plaintiffs herein were the means of bringing the defendant in touch with one Roy M. Smith for the exchange of property, and that at the time the parties were brought together they agreed to exchange their respective properties upon the terms set forth in the said contract and at the same time and at the same instance they each agreed to pay a commission to these plaintiffs and this defendant did agree to pay the sum of $300 as brokers' commission.

"The court further finds that there was no employment of the said plaintiffs by the defendant prior to the time that the plaintiffs and defendant were brought together, but 'the parties at the time they were brought together by the plaintiffs agreed upon the exchange of their respective properties and upon the brokers' commission for the services rendered.

"The court further finds that the . pur-

chaser for the defendant's property was ready, able, and willing to comply with the said contract, and that the said defendant refused to comply with the said contract and exchange of the property; that said refusal was not brought about by any act of purchaser or plaintiffs herein.

"The court further finds that the said plaintiffs secured a purchaser ready, able, and willing to exchange the said defendant's property upon the terms and conditions satisfactory to this defendant as evidenced by the agreement made and entered into by and between the respective parties."

In a law action, where the trial is to the court, a jury having been waived, the finding and judgment of the trial court will not be disturbed on appeal because of insufficiency of the evidence, if there is any evidence reasonably tending to support such finding and judgment. Ward v. McKenney, 151 Okla. 242, 4 P. (2d) 109, and many other decisions not necessary to cite here.

That the said J. A. Koch failed and refused to carry out the terms of the trade, or his reason therefor, we think, under the record, is immaterial. In cases of this character, the law is well established in this jurisdiction that where a real estate broker furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and if thereafter the seller refuses to comply with his contract, the agent is not required to procure or tender to seller an enforceable contract of purchase. Lewk v. Abbott, 121 Okla. 157, 248 P. 605; Ward v. McKenney, 151 Okla. 242, 4 P. (2d) 108; Worley v. Carroll, 110 Okla. 199, 237 P. 120; Bleeker v. Miller, 40 Okla. 374, 138 P. 809.

In the case of Lewk v. Abbott, supra, the court said:

"By the adjudication of this subject-matter we are forced to the conclusion that a valid contract of sale was not procured—but is it necessary for the recovery of a commission by a real estate broker, in the absence of a stipulation to that effect, that he produce the purchaser's written contract of purchase? We think not."

The trial court found against the defendant, Koch, on his defense pleaded in his answer, that is, that the property Roy M. Smith traded to Koch was the property of the E. D. Smith Co., Inc., and not his individual property. If the defendant, Koch, had any other defenses to the suit for commission, he failed to plead or prove them, and certainly he could not offer proof as to a defense not pleaded. Under his general denial he might have proved any defense to

the cause of action stated in the petition, that is, he might have been permitted to show that the plaintiffs did not find him a purchaser ready, willing and able to buy, or trade or exchange, upon the terms and conditions satisfactory to himself, and that he did not agree to pay the $300 commission for such services. Defendant offered in evidence the files in some former lawsuit tried in the same court, which the court refused to admit, and the defendant made no offer or statement as to what the files in said lawsuit would show or prove had they been admitted in evidence, and the professed evidence, that it, the said files, were not incorporated in the record. We cannot assume that had these files been admitted they would have proved a defense to the plaintiffs' cause of action, but rather, in the absence of a showing to the contrary, we must assume that the court was correct in refusing the admission of the evidence offered. From examination of the record, we are of the opinion that there is sufficient evidence to warrant the finding that the plaintiffs procured a purchaser ready, able, and willing to buy, trade or exchange property with the defendant, upon terms and conditions proposed by and satisfactory to him, and, for the reasons stated, and upon the authorities herein cited, the judgment of the trial court is affirmed.

It appears from the record that plaintiffs in error executed supersedeas bond with Minnia Koch and D. S. Turner as sureties thereon, and that said bond was duly filed and approved in the trial court and a copy of same is incorporated in the case-made. Defendants in error, in their answer brief, call attention to supersedeas bond, and ask that upon affirmance of the judgment this court also render judgment against the sureties on said bond. On authority of Boles et al. v. Randle, 155 Okla. 178, 8 P. (2d) 720, judgment should be rendered on the supersedeas bond.

It is therefore ordered, adjudged, and decreed that the defendants in error, E. D. Smith Co., Inc., and T. S. Connally, have judgment on the supersedeas bond, and against J. A. Koch, as principal, and Minnia Koch and D. B. Turner, sureties thereon, for the principal sum of $300, with interest thereon at the rate of six per cent. per annum from the 25th day of February, 1930, and for costs, for which let execution issue.

The Supreme Court acknowledges the aid of Attorneys Bascom L. Coker E. A. Burke and L. C. Gossett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Coker and approved by Mr. Burke and Mr. Gossett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.