HUBBARD et al. v. RYALS.

No. 29226. March 26, 1940.

*100 P. 2d 843.*

Charles P. Gotwals, Wm. A. Killey, and James D. Gibson, all of Muskogee, for plaintiffs in error.

Ben J. Martin and Richard Martin, both of Muskogee, for defendant in error.

PER CURIAM. Plaintiff, H. T. Ryals, brought an action against Ernest Hubbard and Madge Hubbard, defendants, alleging that on or about March 1, 1938, he entered into an oral contract with the defendants to sell an apartment house in Muskogee, Okla., for $7,500 net to them; that he was to receive the regular commission of 5 per cent.; that in pursuance of said contract he engaged to sell the same to Mrs. D. T. Sanders for $8,000, and prayed judgment for $400. Trial resulted in a verdict for $400, the amount sued for, and judgment was rendered on the verdict. Defendants seek to reverse said judgment and have presented five specifications of error.

It is first alleged that there is no proof of employment of the plaintiff by the defendants, and that plaintiff failed to secure a purchaser ready, able, and willing to purchase the property.

The jury was justified in finding from the evidence that plaintiff contacted both defendants and was advised by them that they would sell the property for $7,500 net to them; that he obtained a purchaser ready, willing, and able to buy, and advised the defendants, who refused to sell the property for less than $8,000; that he thereupon procured Mrs. D. T. Sanders, who was ready, willing, and able to buy the property at the sum of $8,000, and that thereupon the defendants refused to sell at the price of $8,000. Defendants introduced in evidence a deed to the property showing title in the name of Madge Hubbard, one of the defendants. The uncontradicted evidence is that the defendants are husband and wife and were and are using the premises as their homestead. During the cross-examination of the defendant Ernest Hubbard, he denied that plaintiff ever advised him that he had the property sold for $8,000. There is a direct conflict in the testimony on this point. He was then asked on further examination if he would have sold the property at the price of $8,000, and he replied that

he believed he would. Ernest Hubbard does not deny that he had an agreement to sell the property for $8,000. Mrs. Hubbard failed to fix any price at which she agreed to sell. She admits showing the property to various prospects in the presence of the plaintiff. Plaintiff testified that he had a conversation with Mrs. Hubbard and her husband prior to the sale in which she agreed to sell the property at $7,500 net to her.

We are of the opinion, and hold, that there is competent evidence of an agreement to sell the property and to pay the plaintiff 5 per cent. commission on any amount of $7,500 or over. In Cornell v. Howe, 131 Okla. 299, 269 P. 243, the court stated:

"In an action for commission as agent on sale of real estate, where the plaintiff alleges the contract of agency in his petition, but such petition does not allege a contract as to the amount of the commission to be paid, but says that he is entitled to the customary fee paid in that community, and the evidence shows the value defendant placed on his land when he traded the same, and that the ordinary and customary commission, as shown by the evidence, based on said valuation of defendant's land, is the amount for which the court rendered judgment, such judgment was proper."

It is urged in the second proposition that there is no binding contract executed by the purchaser, Mrs. Sanders. Mrs. Sanders testified that she agreed to buy the property for $8,000. We think the evidence reasonably tends to prove that plaintiff had a purchaser ready, willing, and able to buy for $8,000. If he obtained a purchaser ready, willing, and able to buy and the defendants refused to sell, it was not necessary that plaintiff furnish a written contract to the defendants from the purchaser.

In Equitable Life Assur. Soc. of United States v. Home, 184 Okla. 542, 88 P. 2d 887, the court said:

"Where a landowner employs a real estate broker to sell his land and the broker furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller,

such agent has earned his commission, and if the seller then refuses to comply with his contract, the agent is not required thereafter to procure or tender to the seller an enforceable contract."

See, also, Lewk v. Abbott, 121 Okla. 157, 248 P. 605; Worley v. Carroll, 110 Okla. 199, 237 P. 120; Bleecker v. Miller, 40 Okla. 374, 138 P. 809; Ward v. McKenney, 151 Okla. 242, 4 P. 2d 108.

It is alleged that the court erred in admitting testimony of Gordon Harper relating to information imparted to the plaintiff that the defendants wished to sell the property for $7,500, for the reason that there is no proof that Gordon Harper had any authority to represent either of the defendants. We have examined the evidence, and are of the opinion that if this admission was error, it was harmless. The only import, as above stated, is to indicate that Harper advised plaintiff that the defendants would sell the property for the stated price. In view of the testimony of the plaintiff that he had the agreement with both defendants to sell the property, we hold that the error, if any, was harmless.

Objection is made to the giving of instructions 2 and 4 touching upon the agency of Ernest Hubbard for the purpose of representing Madge Hubbard. In view of the testimony that plaintiff had the agreement with both defendants, we find no error which would justify a reversal of the case, especially in view of the fact that the defendant Ernest Hubbard admitted he would have sold the property for $8,000, and the defendant Madge Hubbard did not deny that the property was for sale and that she assisted in showing the premises to prospective purchasers, although she denied that she agreed to sell at any price.

Finding no error, the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DANNER, JJ, concur.