(No. 7186.   February 7, 1945.)

DEAL & HAWLEY, a Copartnership, Respondent; v. P. B. SCRIVNER, Appellant.

[155 Pac. (2d) 920.]

George H. van de Steeg for appellant.

Earl E. Garrity for respondent.

MILLER, J.—June 17, 1943, respondent Deal and Hawley, a copartnership, commenced this action in the seventh judicial district of Idaho, county of Canyon, against the appellant, Scrivner, to recover judgment for the sum of four hundred fifty dollars with costs on account of services rendered in procuring a purchaser for certain real estate and personal property belonging to appellant, situate and located in Canyon County, Idaho. Attached to the complaint are exhibits "A", "B" and "C". Exhibit "A" is an "exclusive listing" of the real and personal property from appellant to respondent. The sale price of said property was nine thousand dollars. Among the covenants contained in exhibit "A" is the following, to-wit:

"In the event you find a buyer ready and willing to enter into a deal for said property for said price and terms, or such other price and terms as may be agreed to by me, or in the event of any sale, exchange or conveyance of said property during the life of this contract to any person whomsoever, or that you place me in touch with a buyer to whom I at any time within thirty days after the termination of this contract sell or convey said property, I agree to pay you forthwith in cash as a commission for your services five percent of the price for which said property is sold or contracted for or at which it is exchanged. I agree

to make the purchaser a good and sufficient warranty deed and to furnish a complete abstract or a guaranteed Certificate of Title. I hereby warrant that I am the owner of said property in fee simple; * * * that the property covered hereby is free from encumbrances except as stated, and that my title thereto is a good and marketable title."

This contract was dated September 29, 1942. Early in 1943, according to the testimony of Mr. Hawley, one of the partners of respondent copartnership, two brothers from Southern Nevada came to the office and wanted to buy a couple of farms. He showed them listings and stated the appellant's property had been "listed last fall" and they went out to appellant's place to find out if he was still willing to sell. They found appellant at home and discussed the matter with him in detail. After leaving appellant's place, they returned to the office of the respondent and Randy Leavitt, one of the brothers, agreed to buy the place and an "Earnest Money Receipt and Agreement" was prepared, dated May 18, 1943, which was signed by Mr. Leavitt, and he paid Mr. Hawley five hundred dollars. They went back to appellant's place and he, after some alterations were made, signed the said instrument which is attached to the complaint, marked "Exhibit B". Said exhibit describes the property, both real and personal, and the terms of sale. Five hundred dollars is receipted for on purchase price, the balance to be paid "When deed and abstract are furnished showing marketable title". Possession is to be given when the deal is closed. It is further agreed by the appellant that "if the title to said premises is not marketable * * *, the earnest money herein receipted for, shall be refunded. But if the above sale is approved by the owner and the title to the premises is marketable and the purchaser neglects or refuses to comply with any of the conditions of this sale and to make payments promptly, as hereinabove set forth, then the earnest money herein receipted for shall be forfeited to the undersigned agent to the extent of the agreed upon commission, and the residue to the owner, as liquidated damages, and this contract shall thereupon be of no further binding effect upon the seller." The concluding portion of "Exhibit B" recites:

"For valuable consideration, I hereby approve and accept the sale of above described property and the price and conditions as set forth above in this contract, and agree to

furnish Abstract of Title, continued to date, also Warranty Deed, when stated, conveying good and marketable title to the Purchaser, and agree to pay forthwith to the above named agent a commission, amount of $ 5% for services rendered and to be rendered in this transaction. (Signed) Pryse B. Scrivner, Owner."

After some search the abstract was located, delivered to an abstractor for extension and placed in the hands of an attorney, Mr. Hagelin, for examination. The title was found "un-marketable", but the defects were of such nature that they could be corrected. In the interim, the purchaser, Leavitt, had returned to Nevada where he sold his property and had the money with which to pay for the appellant's place. "Exhibit C", attached to the complaint, dated June 2, 1943, appears to be a letter from appellant to "Messers Deal and Hawley, agents for Randy Leavitt and Mr. Randy Leavitt". Said exhibit refers to the "Earnest Money Receipt and Agreement" of May 18, 1943, pertaining to the contemplated sale of appellant of the listed real and personal property, and that the said exhibit, among other things, provides:

"It is agreed that if the owner does not approve the above sale, or if the title to said premises is not marketable, or cannot be made so within ——days, the earnest money herein receipted for, shall be refunded."

Appellant invites attention to the nature of the title as disclosed by the abstract and title examiner and concludes as follows:

"In view of that situation you are hereby notified that the undersigned, the seller of said premises, declines to do anything further toward consummating and completing the sale of said premises, and hereby terminates any and all negotiations for the sale thereof, and authorizes and directs that the said earnest money mentioned in said receipt and agreement be returned to said purchaser, Randy Leavitt. In other words, the deal is off."

On receipt of "Exhibit C" the respondent sent the purchaser, Mr. Leavitt, at his address in Nevada, a copy thereof, and he immediately returned to Nampa, Idaho, where he attempted to complete the transaction and obtain possession of the premises, but without avail.

The appellant's answer contains no affirmative defense, alleges that he is the "equitable owner of said real property under and by virtue of an escrow contract of sale thereof to him," and admits the execution of "Exhibits A, B and C" attached to the complaint. His brief states, "There is but little conflict in the evidence." The action was tried to the court without a jury.

There is testimony by both partners of respondent co-partnership that they suggested that appellant assign his escrow contract and that if he would do so, Leavitt, the purchaser, would take the property, regardless of the defects of title. Appellant testified he had no recollection of such proposal. This, however, is beside the question involved and if material goes to the question only of Leavitt's ability and desire to obtain the property. The testimony shows that Leavitt was ready and willing at all times to carry out the obligations under the contract. November 22, 1943, the trial court made comprehensive findings of fact in which he found for respondent on all the material allegations contained in the complaint. The conclusions of law show, in substance, that the contract evidenced by "Exhibit B" made it the duty of the appellant to furnish a warranty deed and abstract of title showing a merchantable title in appellant, and that it was the duty of the buyer to pay the balance due under said contract when a deed and abstract of merchantable title was furnished; that by "Exhibit C" appellant refused to perform his contract, evidenced by "Exhibit B", and that respondent was entitled to a real estate commission as provided therein in the sum of four hundred fifty dollars, together with costs and disbursements, and to judgment therefor. Judgment was entered accordingly.

January 7, 1944, notice of appeal was filed. Said notice is dated December 21, 1943, and acknowledgment of service of copy is *December 5, 1944*. Appellant's Specifications of Error and Points run approximately to the same contention, viz: "In ultimate analysis, the plaintiffs did not finish the deal. They made no effort to procure for defendant a buyer who was ready and willing to bind himself in a valid, binding and enforcable contract to buy the defendant's land. All they obtained was a sort of tentative proposal, or option, or conditional agreement to buy. Therefore, their action for their commission cannot be maintained."

In view of the covenants heretofore quoted from "Exhibit A" and the acceptance of the sale, the price and the conditions of the contract evidenced by "Exhibit B", and the agreement of appellant to furnish a warranty deed and an abstract showing marketable title and that if the buyer defaulted the earnest money was to pay the commission, and any balance thereof was to go to the seller, and his agreement to pay respondent a commission of five percent of the purchase price for services in procuring a purchaser ready, willing and able to buy the property, coupled with the fact that appellant did not furnish a marketable title and by "Exhibit C" directed that the five hundred dollars earnest money be refunded to Mr. Leavitt and advised respondent "the deal is off", it would seem that appellant's attempt to absolve himself from the payment of the commission is farfetched, inconsistent and without merit. There is no contention but that it was the appellant who breached the contract and failed to perform. It was appellant who had agreed to furnish a marketable title and finding himself unable to do so directed that the earnest money be refunded and declared "the deal is off".

It needs no citation of authorities to conclude that the judgment of the trial court is correct, but the following are in point: (*Phillips v. Brown,* 21 Ida. 62, 120 P. 454; *Thomas v. Young,* 42 Ida. 240, 245 P. 75; *Clarke Realty Company, Appellant, v. Blackfoot Water Works, Ltd., a Corporation, Respondent,* 39 Ida. 304, 228 P. 326; *McGuire v. Sinnett* (Ore.), 76 P. (2d) 472.)

Judgment is affirmed. Cost awarded to respondent.

Ailshie, C.J., Budge, Givens and Holden, JJ., concur.