[No. 30279.  Department Two.  November 24, 1947.]

GERTRUDE L. SPENCER, *Respondent*, v. MARTHA V. HOUTT, *Appellant*, GEORGINA BREMMYER *et al., Respondents.*[1]

*E. D. Phelan* and *Eugene F. Hooper*, for appellant.

*J. Orrin Vining*, for respondent Spencer.

*Duane T. Shinn*, for respondents Bremmyer.

[1] Reported in 186 P. (2d) 613.

JEFFERS, J.—This action was instituted by Gertrude L. Spencer, doing business as Geo. A. Spencer & Co., against Martha V. Houtt, to recover a real-estate broker's commission. Plaintiff will hereinafter be referred to as Spencer.

Plaintiff's cause of action is based upon the allegations that she was authorized by defendant to sell lot 1, block 41, Supp'l Pontius Addition to Seattle, together with the furniture located in the house situated thereon; that plaintiff produced a buyer for such property, one Georgina Bremmyer, who, on February 16, 1946, entered into a written earnest-money contract for the purchase of the property and furniture for a cash price of $7,500, and thereupon paid to plaintiff the sum of $1,375, as earnest money.

It is further alleged that on February 16, 1946, defendant signed and executed the earnest-money receipt, wherein she agreed to the sale and to the terms and conditions thereof, and agreed in writing to pay plaintiff a commission, as agent, in the sum of $375; that thereafter defendant refused, and still refuses, to proceed with and complete the sale, and has notified plaintiff that she will not make such sale.

It is further alleged that demand has been made upon defendant for such commission, but that defendant has refused, and still refuses, to pay the same.

Defendant answered the complaint, and therein asked that Georgina Bremmyer, the above-named buyer, and her husband, Fred Bremmyer, be made additional defendants. Defendant's answer and cross-complaint contains some ten paragraphs, not including the prayer. The answer denies the material allegations of the complaint. The gist of the cross-complaint and the material allegations thereof, in so far as the issues raised are concerned, are that defendant is the owner of the real property described in the complaint, and the owner of much of the furniture located therein, but that some of the furniture located therein is owned by third parties, which furniture defendant has the right to use but not to sell; that on February 16, 1946, defendant signed the earnest-money receipt,

" . . . the purport of which was to obtain defendant's approval of said sale and to have defendant agree to pay

a commission of five per cent for the services of the said Gertrude L. Spencer in consummating said sale if and when the same was carried out";

that on February 18, 1946, Georgina Bremmyer advised defendant that she would not complete the transaction and would not make the purchase, and desired to have returned to her the earnest money paid to plaintiff; that thereafter defendant was sued in this action by plaintiff for the total of such commission; that defendant has been damaged in the sum of $750 by the removal of tenants, caused by the action of Georgina Bremmyer, and has been further damaged in the sum of $500, by reason of being involved in this litigation.

There are many other allegations in the cross-complaint, but we are of the opinion that the allegation that Mrs. Bremmyer refused to complete the sale after signing the earnest-money receipt is the material allegation, in so far as the issues raised on this appeal are concerned, and constitutes the basis for defendant's contention that she should not be required to pay plaintiff's commission.

It may be stated here that both Martha Houtt and Georgina Bremmyer received copies of the earnest-money receipt, to which was attached a list of the furniture involved in the sale. The following provision, signed by Martha V. Houtt, is part of the earnest-money receipt:

"I hereby agree to the above sale and to all the foregoing terms and conditions and agree to pay Geo. A. Spencer & Co., as agent, commission of 5%, $375.00, for services.

"In the event earnest money receipted for is forfeited, I agree that said earnest money shall be apportioned to the agent and owner equally."

It will be noticed the foregoing provision makes no reference to a completed sale, that is, that the sale must be consummated before the agent is entitled to her commission.

The additional defendants, Georgina Bremmyer and husband, answered the cross-complaint of defendant Houtt. The material part of their answer is, in substance, that on February 16, 1946, Georgina Bremmyer, alone, entered into an earnest-money contract with defendant to purchase the

real estate and furniture therein described, for $7,500; that both plaintiff and defendant had copies of such instrument, and knew the contents thereof; that within two days after the execution of such instrument, defendant Houtt refused to continue with the sale, wrote plaintiff, her agent, that she would not complete it, and after demand, refused to return to Georgina Bremmyer the earnest-money deposit; that defendant Bremmyer has been able, ready, and willing to buy the property and furniture at the price of $7,500, but defendant Houtt has refused to complete the deal.

It is further alleged that plaintiff and defendant Houtt have withheld the earnest-money deposit of $1,375 since February 18, 1946, the date defendant Houtt refused to complete the sale, and the date of the demand for a return to defendant Bremmyer of such deposit; that defendant Bremmyer should be paid interest on such money at the rate of six per cent per annum from February 18, 1946. Defendant Bremmyer asked for a return of her deposit, together with interest, and her costs.

Plaintiff also answered the cross-complaint of defendant Houtt, and by admissions and denials put in issue the material allegations of such cross-complaint.

The cause came on for hearing before the court on January 28, 1947.

After an examination of the record, we are convinced that there is ample evidence to support the findings of fact as made and entered by the trial court; in fact, we think the evidence quite conclusively supports such findings, and we therefore adopt and set out such findings as the established facts in the case.

"Findings of Fact

"1. That the plaintiff, Gertrude L. Spencer, is an unmarried woman doing business under and by the trade name of Geo. A. Spencer & Co., and has filed certificate of such name with the clerk of King county and as such is a duly licensed real estate broker in the state of Washington, and was such at all times herein mentioned.

"2. That the defendant, Martha V. Houtt, was and is an unmarried woman.

"3. That Georgina Bremmyer and Fred Bremmyer, additional defendants, are husband and wife and were at all times referred to herein.

"4. That all of the parties to this action are residents of King county, Washington.

"5. That on or about February 16th, 1946, and prior thereto and since that date the said Martha V. Houtt was the owner and in possession of real estate described as

Lot 1 Block 41, Supplemental Pontius Addition to the city of Seattle, King county, Washington, together with the furniture therein located,

and that on the 16th day of February, 1946, said Martha V. Houtt, defendant, entered into an earnest money agreement with Georgina Bremmyer, through plaintiff, agent for Martha V. Houtt, wherein and whereby said Martha V. Houtt for the cash price of $7,500.00 agreed to sell to Georgina Bremmyer, the said real estate and furniture therein and said Georgina Bremmyer agreed to buy said real estate and furniture therein, and on February 16th, 1946, deposited with plaintiff Gertrude L. Spencer $1,375.00 and at that time said parties duly signed said earnest money agreement, with list of furniture inventoried thereon. That in said earnest money agreement said Martha V. Houtt, defendant, promised and agreed to pay plaintiff a commission of 5% of said sales price, amounting to the sum of $375.00.

"6. That on February 18, 1946, the defendant Martha V. Houtt, refused to make said sale of said real property and the furniture therein located as agreed in said earnest money receipt and has at all times since that date refused to complete or make the sale as therein required.

"7. That on the 16th day of February, 1946, the said plaintiff had procured a purchaser, who was ready, able and willing to pay the full and entire cash consideration as shown by the earnest money receipt, and thereby earned the commission of $375.00 agreed to be paid by the defendant Martha V. Houtt to the plaintiff and that said defendant Martha V. Houtt has at all times refused to pay plaintiff said commission of $375.00.

"8. That due to the refusal of the defendant Martha V. Houtt to permit said sale to be completed the said Georgina Bremmyer did on or about the 25th day of February, 1946, demand the return of said earnest money deposited with the plaintiff, and from the defendant Martha V. Houtt, and such demand was refused and ignored.

"9. That thereafter the plaintiff on or about the 14th day of May, 1946, paid said earnest money into the registry of this court and claimed no interest therein, and that said sum of $1375.00 is now in the possession of the clerk of this court.

"10. That the defendant Martha V. Houtt has failed to sustain the allegations of her cross-complaint.

"11. That in the course of said dealings the earnest money deposited by said Georgina Bremmyer were her own personal funds, free from any community interest of said Fred Bremmyer, her husband, and she at all times was acting on the said transaction solely on her own behalf and individually."

From the foregoing facts, the court concluded:

"1. That the plaintiff is. entitled to judgment against the defendant Martha V. Houtt in the sum of $375.00 together with her taxable costs and disbursements herein.

"2. That the additional defendant, Georgina Bremmyer is entitled to have judgment entered to the effect that the earnest money paid by her in the sum of $1,375.00 and now deposited in the registry of this court is the money and property of the said Georgina Bremmyer and that the clerk of this court should be directed to pay over such deposited amount in the sum of $1,375.00 to the said Georgina Bremmyer forthwith.

"3. That Georgina Bremmyer have judgment against the defendant Martha V. Houtt for interest on said sum of $1,375.00 at six per cent per annum from February 18, 1946, until such sum is actually paid to the said Georgina Bremmyer and that further Georgina Bremmyer have judgment against the defendant Martha V. Houtt for all of her taxable costs and disbursements herein.

"4. That the cross-complaint of the defendant Martha V. Houtt should be dismissed."

Judgment in accordance with the conclusions of law was entered on February 4, 1947. Defendant Houtt has appealed from this judgment.

Error is assigned on the making and entering of findings of fact Nos. 6, 8, and 10; in making the conclusions of law; in entering judgment in favor of respondents; and in denying appellant's motion for new trial.

In general, the questions presented are whether the various findings of fact support the conclusions of law and judgment entered. Specifically, the first question presented is whether or not the trial court erred in awarding judgment in favor of respondent Spencer against appellant for her commission.

As we read appellant's brief, it would appear that she is not seriously contending that respondent Spencer is not entitled to her commission, but she does contend that she should not be required to pay it. This contention is apparently based on the theory that she was prevented from carrying out the terms of the sale by Mrs. Bremmyer; in other words, that Mrs. Bremmyer refused to go through with the sale. Appellant states in her brief:

"All the assignments of error will be argued together. The assignments of error relate directly or indirectly to the central point involved: Did the purchaser [Mrs. Bremmyer] prevent the seller from performing the contract of sale?"

It will be noticed that appellant did not assign error on the entry of findings Nos. 5 and 7.

There is no question but that findings Nos. 5 and 7 would be sufficient in and of themselves to support the conclusions and judgment entered in favor of respondent Spencer and against appellant.

There is no claim that the failure to complete the sale was due to any fault of respondent Spencer. We are of the opinion that on February 16, 1946, when respondent Spencer produced a purchaser for the property, who was able, ready, and willing to purchase upon the terms and conditions of the earnest-money receipt, and the receipt was signed and executed by the seller, Houtt, and the purchaser, Bremmyer, respondent Spencer had done all that was required of her, and that she was then entitled to have her commission paid to her by appellant.

We stated in *Bloom v. Christensen,* 18 Wn. (2d) 137, 142, 138 P. (2d) 655:

"It is the general rule that a broker is entitled to his commission when he produces a purchaser who is ready,

able, and willing to purchase upon the terms required. . . . [Citing cases.]

"The rule applies even though the sale is not consummated by the owner or is consummated by him upon terms different from those stipulated in the brokerage agreement. [Citing cases.]"

Respondent Spencer, in view of the provision of the earnest-money receipt, would be entitled to recover her commission from appellant in this case, regardless of whether the failure to complete the sale was due to the fault of the seller, Houtt, or the purchaser, Bremmyer, the failure to complete the sale not being due to any fault of Spencer, and she not being guilty of fraud or bad faith.

"Whether failure to complete the contract or transaction negotiated has any bearing upon a broker's right to be compensated for his services depends primarily upon the terms of the employment. While there are some decisions to the effect that there must be an actual performance of the contract negotiated to entitle a broker to his commissions, even though the contract of employment is silent upon the point, the great weight of authority is that unless the *broker and his employer have expressly stipulated to the contrary,* the broker is entitled to his compensation upon the completion of the negotiations which he undertook, irrespective of whether or not the contract negotiated is ever actually consummated [*Ollinger Co. v. Benton,* 156 Wash. 308, 313, 286 Pac. 849] or whether the failure to complete the contract is due to the default or refusal of the employer [*Littlefield v. Bowen,* 90 Wash. 286, 155 P. 1053] or to that of the party procured by the broker, so long as the failure to carry it through to a successful completion is not due to any fault of the broker or so long as he has not been guilty of fraud or bad faith." (Italics ours.) 8 Am. Jur. 1094, § 179.

In the instant case, respondent Spencer was entitled to have her commission paid by her employer, Martha Houtt, on February 16, 1946, and the trial court correctly awarded judgment in favor of respondent Spencer against appellant for her commission.

Did the court err in holding that respondent Bremmyer was the owner of the $1,375 deposited with respondent

Spencer at the time the earnest-money receipt was executed, in authorizing the clerk of the court, with whom the money had been deposited, to pay over the money to respondent Bremmyer, and in awarding judgment against appellant and in favor of respondent Bremmyer for interest on the $1,375 from February 18, 1946, the date on which the court found appellant stated she would not complete the contract, and the date on which Mrs. Bremmyer demanded a return of her deposit?

Appellant states in her brief:

"The authorities the appellant cites, justified appellant in asserting that the measure of damages suffered by the appellant by reason of the purchaser's violating the contract to purchase, would be the amount of the commission that the agent had earned under the contract. Judgment against the purchaser for this commission in the sum of $375.00 should have been entered as the amount of damages suffered by the appellant and this judgment should have been in favor of the plaintiff, the agent, and against the purchaser, Mrs. Bremmyer."

While the theory upon which appellant based her claim for damages, as set out in her cross-complaint, is apparently different from that stated by appellant in her brief, the question of damages becomes immaterial, in view of the fact that any claim for damages made by appellant is based upon the false premise that Mrs. Bremmyer breached the contract and refused to go through with the sale.

The court found that on February 18, 1946, appellant refused to make the sale of real estate and furniture, as agreed in the earnest-money receipt. This finding is amply supported by the testimony of respondent Spencer and respondent Bremmyer. The evidence shows that on February 18, 1946, after appellant had stated she would not complete the sale, Mrs. Bremmyer stated to Miss Houtt that if she, appellant, was not going through with the sale, she, Mrs. Bremmyer, wanted her deposit returned. On the 18th, appellant went to Spencer's office, where she stated that she was not going through with the sale, and asked Spencer to turn over to her the $1,375 deposit, but did not offer to

pay Spencer's commission. On February 25th, Mrs. Bremmyer wrote to Spencer, demanding that the $1,375 be turned over to her.

Respondent Spencer, in view of the conditions as they appeared to her, and in view of what she considered to be her rights under the earnest-money receipt, refused to turn over the deposit to either party, and subsequently placed the same in the registry of the court.

■ There is no question but that Mrs. Bremmyer was entitled to a return of her deposit at the time appellant refused to comply with the earnest-money receipt, in the event she did not desire to affirm the contract and bring an action for specific performance.

■ In view of the fact that both appellant and Mrs. Bremmyer were demanding that the $1,375 be turned over to them, we are of the opinion respondent Spencer was justified in depositing it in the registry of the court.

We are of the opinion the failure to return to Mrs. Bremmyer the earnest-money deposit was due to the fault of appellant. When, as found by the trial court, appellant, on February 18, 1946, informed Mrs. Bremmyer she would not go through with the sale in accordance with the earnest-money receipt, Mrs. Bremmyer, after demand being made on appellant, was entitled to have the earnest-money deposit returned to her. Mr. Dolby accompanied appellant to Spencer's office on February 18th, but not as appellant's attorney. He stated that appellant told Spencer she was not going through with the sale, and demanded that Spencer turn over to her the deposit of $1,375; that Spencer stated that she had earned her commission and was going to insist on its payment. There was no statement made by appellant during this conversation with Spencer that she, appellant, was going to return the earnest-money deposit to Mrs. Bremmyer, but her statements were such as to lead Spencer to believe that appellant thought she was entitled to it. This thought is also conveyed by a letter written by appellant to Spencer, in which, after referring to the deposit, she stated: "I am entitled to it."

After appellant's refusal to pay her commission, Spencer declined to turn over to her the earnest-money deposit. However, after Mrs. Bremmyer also demanded that the money be turned over to her, Spencer deposited the $1,375 in the registry of the court.

In view of this situation, we are of the opinion the court was justified in entering judgment against appellant for interest at the rate of six per cent per annum from February 18, 1946, in favor of respondent Bremmyer.

Appellant makes no argument in support of her motion for a new trial, and the same was properly denied.

For the reasons herein assigned, we are of the opinion the conclusions of law and judgment are supported by the findings of fact, and that the judgment should be, and it is, affirmed, both as to respondent Spencer and respondent Bremmyer.

MALLERY, C. J., BEALS, STEINERT, and ROBINSON, JJ., concur.