281 P.2d 134

Harry S. FRYE, Plaintiff-Respondent,

v.

Ross H. LEVANGER, Defendant-Appellant.

No. 8168.

Supreme Court of Idaho.

March 15, 1955.

F. W. Jarvis, Dunlap & Dunlap, Caldwell, for appellant.

Meek & Miller, Caldwell, for respondent.

TAYLOR, Chief Justice.

Plaintiff (respondent), a real estate broker, brought this action to recover a commission earned pursuant to a contract of employment, dated May 10, 1952. As to compensation, the contract provides:

"In the event that you find a buyer ready and willing to enter into a deal for said price and terms, or such other terms and price as I may accept, or that you place me in contact with a buyer to whom at any time within 90 days after the termination of your employment I may sell or convey said property, I hereby agree to pay you in cash for your services a commission equal in amount to 5% of said selling price."

The property listed was a 100 acre farm in Owyhee County, and the authorized

selling price $58,000. In his complaint plaintiff alleges that on or about June 4, 1952, he found purchasers who were ready, willing and able to purchase the property, and on that date the defendant (appellant) and his wife entered into an agreement with such purchasers for the sale of the property for the sum of $56,000. On the same date the defendant and his wife promised in writing to pay the plaintiff a commission of $2,800.

The defendant in a "second amended answer and cross-complaint" admits the employment; denies that the plaintiff found the purchasers on or about June 4, 1952, and alleges the purchasers were found on May 23, 1952, on which date the plaintiff sold the property to purchasers for $58,000; that plaintiff, in preparing the contract dated May 23, 1952, which was signed by the purchasers, so defectively described the property as to render the contract void; and failed to obtain its execution by defendant's wife and the acknowledgment thereof by the defendant and his wife; by reason whereof, the contract being void, the purchasers refused to perform; that as a result defendant lost the sale of the property at $58,000 and thereafter on June 4, 1952, he and his wife entered into the contract set forth in plaintiff's complaint, and sold the property to the purchasers produced by the plaintiff for $55,000 and added certain personal property for $1,000; that by reason of plaintiff's want of care and skill in procuring the contract of May 23rd, defendant sustained a loss of $3,000, for which he prays judgment against plaintiff.

Upon plaintiff's motion, the trial court ordered judgment for plaintiff upon the pleadings, except as to the issue of reasonableness and amount of attorney's fee. Attorney's fee being subsequently stipulated, judgment was entered for the plaintiff for the agreed commission of $2,800, plus attorney's fee and interest. Defendant appealed.

The general rule is that a broker is bound to exercise reasonable care and skill, or such care and skill as is ordinarily possessed and exercised by persons employed in that business; and that he is liable to his principal for any loss resulting from a failure to exercise such care and skill. Smith v. Fidelity & Columbia Trust Co., 227 Ky. 120, 12 S.W.2d 276, 62 A.L.R. 1353 and annotation 1357; 8 Am.Jur., Brokers, § 99.

Such rule, however, does not impose upon the broker duties or responsibilities beyond those expressed or implied by his contract of employment. Plaintiff's contract does not require him to negotiate a binding contract with the purchaser; it merely requires him to find a buyer ready and willing to enter into a deal at stated price and terms, "or such other terms and price as I may accept." The defendant's pleadings show that the plaintiff fully complied with his contract. That being the

case, he is entitled to his commission, though the preliminary contract of May 23rd was unenforceable. Moore v. Mazon Estate, 24 N.M. 666, 175 P. 714; Twogood v. Monnette, 191 Cal. 103, 215 P. 542; Lewk v. Abbott, 121 Okl. 157, 248 P. 605; Orr v. Meng, 126 Kan. 723, 271 P. 293; Equitable Life, etc., v. Home, 184 Okl. 542, 88 P.2d 887; Williams v. Engler, 46 N.M. 454, 131 P.2d 267; Simmons v. Libbey, 53 N.M. 362, 208 P.2d 1070; Carey v. Conn, 107 Ohio St. 113, 140 N.E. 643; Jutras v. Boisvert, 121 Me. 32, 115 A. 517; Horn v. Seth, 201 Md. 589, 95 A.2d 312; Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384, 169 A.L.R. 600, and annotation 605; 12 C.J.S., Brokers, § 89; 8 Am.Jur., Brokers, §§ 179, 180 and 181.

■ Under the circumstances, the defendant owner would have an equal, if not greater, responsibility in procuring the binding contract of sale. It appears on the face of the contract of May 23rd that negotiations were at that time incomplete. That agreement refers to a 40 acre farm as a part of the consideration to be received by the defendant, and contemplates an appraisal of that farm to determine the exchange value thereof. Defendant had signed that instrument and therefore knew it did not purport to express the ultimate agreement. In the contract of June 4, 1952, the 40 acre tract was received and a credit given therefor of $43,000. It appears the transaction was a continuing one, finally culminating in the agreement of June 4th, in which the defendant and his wife agreed to pay plaintiff "a commission of Twenty-eight Hundred ($2800.00) Dollars for services rendered in this transaction." See Smith v. Anderson, 2 Idaho, Hasb., 537, 21 P. 412; Wood v. Broderson, 12 Idaho 190, 85 P. 490; Phillips v. Brown, 21 Idaho 62, 120 P. 454; Clarke v. Blackfoot Water Works, Ltd., 39 Idaho 304, 228 P. 326; Thomas v. Young, 42 Idaho 240, 245 P. 75; Deal & Hawley v. Scrivner, 66 Idaho 99, 155 P.2d 920; Miller v. Lerdo Land Co., 52 Cal.App. 662, 199 P. 1073; Cole v. Low, 81 Cal.App. 633, 254 P. 676; Brooks v. Gross, 106 Cal.App. 277, 288 P. 1089; Trickey v. Smith, 127 Cal.App. 513, 16 P.2d 146; Spencer v. Houtt, 29 Wash.2d 252, 186 P.2d 613; Closner v. Gannaway, Tex.Civ.App., 32 S.W.2d 523; Clark v. Corbly, 123 Ind.App. 438, 110 N.E.2d 309.

The answer and cross-complaint do not state a defense or cause of action.

Judgment affirmed. Costs to respondent.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.