[No. 1786–3. Division Three. July 14, 1977.]

HAROLD SMICK, *Respondent*, v. HAROLD PIERSON,
ET AL, *Appellants*.

*Wallis W. Friel* and *Irwin, Friel & Myklebust, P.S.,* for appellants.

*J. D. McMannis, Richard G. McBroom,* and *Snoddy & McBroom,* for respondent.

GREEN, J.—Plaintiff, a real estate broker, commenced this action for recovery of a commission arising from a real estate listing agreement. Both parties appeal from a judgment in favor of plaintiff.

Defendants assign error to several findings of fact and a conclusion of law, and the denial of a motion to dismiss. We reverse, and, in view of this disposition we do not reach plaintiff's cross–appeal.

Defendants listed their farmland for sale with plaintiff on July 1, 1974. This listing agreement provided for a sales price of $235,800, a down payment of $68,000, and the balance of $167,800 to bear interest at 8 percent, payable in installments upon "terms to be negotiated", but not to exceed 29 percent in any year. Defendants agreed to pay plaintiff an $8,000 commission:

Upon your [plaintiff] securing a purchaser, ready, willing and able to buy said property *in accordance herewith, or upon your negotiating a contract of sale* or exchange *which I may accept, . . .*

(Italics ours.)

Plaintiff found a potential purchaser, Mr. Miller, who submitted an earnest money agreement and contract to defendants. This offer was rejected because it allowed the installment payments to be accelerated without penalty and the purchase price was $11,000 less than the amount recited in the listing agreement. A second offer was submitted by Miller, and it was rejected due to the size of the installment payments. Subsequently, a contract was prepared at defendants' direction by their attorney, but the record is in conflict whether this contract was ever presented to Miller. There were no further negotiations between plaintiff, Miller and defendants and no definitive oral or written agreement for a purchase and sale was reached. Mr. Miller testified at trial that he was agreeable to purchase on any terms or for cash. Defendants' testimony indicates this was probably true. However, such a

proposal was never presented in any form to the defendants. The listing agreement expired; no sale was consummated with Miller or any other buyer secured by plaintiff.

The trial court entered the following findings of fact and conclusion of law:

### FINDINGS OF FACT
#### V.

THAT the plaintiff did, in fact, find a purchaser ready, willing and able to purchase said real estate, on the basis of the written listing contract, and who was ready, willing and able to purchase for cash, or on any other terms the Defendants wished to provide consistent with the listing agreement.

#### VI.

THAT the written listing agreement contract provides that in case of the employment of an attorney to enforce any of the terms of the agreement, the parties agree to pay a reasonable attorneys fee and all costs of collection, and that the sum of ONE THOUSAND TWO HUNDRED DOLLARS ($1,200.00) is a reasonable sum to be allowed as attorneys fees to Plaintiff's attorneys, together with the actual court costs incurred.

#### VIII.

THAT by virtue of the fact that Defendants have failed to sell the property to either the purchaser produced by Plaintiff, or to their claimed exclusionary purchaser, Mr. and Mrs. Harwood, or to anyone else, it appears to the Court that in the exercise of its inherent equity jurisdiction, compensation should be paid to Plaintiff based on a quantum meruit theory as opposed to a strict contractual theory, and that on a basis of quantum meruit Plaintiff should recover the sum of $4,000.00 as and for his commission.

### CONCLUSION OF LAW
#### I.

THAT the Plaintiff have and recover from Defendant the sum of FIVE THOUSAND TWO HUNDRED DOLLARS ($5,200.00) plus costs incurred.

Defendants contend these findings and conclusion are in error because, absent a contract of sale, the plaintiff could not have secured a purchaser "ready, willing and able to

purchase . . . on the basis of the written listing contract" as the court found. It is argued that here such a contract is necessary to entitle the broker to a commission under the listing agreement because the installment payments on the contract balance were upon "terms to be negotiated", and the parties never arrived at any agreement. We agree.

■ The general rules governing plaintiff's right to recover a commission are stated in *Bloom v. Christensen,* 18 Wn.2d 137, 142, 138 P.2d 655 (1943):

> It is the general rule that a broker is entitled to his commission when he produces a purchaser who is *ready, able, and willing to purchase upon the terms required.* . . .
> The rule applies even though the sale is not consummated by the owner or is consummated by him upon terms different from those stipulated in the brokerage agreement.

(Italics ours. Citations omitted.) *Eckhoff v. Morgan,* 64 Wn.2d 851, 853, 394 P.2d 898 (1964); *White & Bollard, Inc. v. Goodenow,* 58 Wn.2d 180, 187, 361 P.2d 571 (1961); *Largent v. Ritchey,* 38 Wn.2d 856, 860, 233 P.2d 1019 (1951); *accord, Spencer v. Houtt,* 29 Wn.2d 252, 258, 186 P.2d 613 (1947). Where, as here, the listing agreement does not specify all of the terms of the sale leaving some of them subject to negotiation, Restatement (Second) of Agency § 445 (1958) states:

> Except where there is revocation in bad faith, an agent whose compensation is conditional upon the performance by him of specified services, or his accomplishment of a specified result, *is not entitled to the agreed compensation unless he renders the specified services or achieves the result.*

(Italics ours.) Further, Restatement (Second) of Agency, *supra,* Comment *d* states that:

> *When the principal has furnished the broker with only part of the terms, with the understanding that further details are subject to negotiation between the principal and the customer, the principal, unless acting in bad faith . . . is free to terminate such negotiations without liability to the broker.* The principal's promise

to pay the broker a commission does not become binding unless the principal and the customer reach a present definitive oral or written agreement. . . .

Irrespective of the completeness of the terms given the broker, *if he is to be paid when he finds a customer "able, ready and willing", he is entitled to his commission if he finds such a customer who enters into an oral agreement with the principal which he is willing to perform at the time fixed for the performance of the transaction* . . .

(Italics ours.) *See* 12 Am. Jur. 2d *Brokers* § 187.

An application of these rules to the instant case requires a reversal. No agreement was ever reached between Mr. Miller and the defendants. While the testimony and the findings indicate the parties might have been able to reach an agreement, the plaintiff never brought it to fruition. Even though defendants informed plaintiff that their attorney was preparing an agreement that would be satisfactory to the defendants, he did nothing towards obtaining Mr. Miller's approval of the agreement. Since the terms of sale in the listing agreement were incomplete, it was necessary that an agreement for the purchase and sale be reached between the parties before plaintiff was entitled to recover a commission. Thus, the findings, which are a mixture of fact and law, are erroneous and the judgment based thereon must be set aside.

Reversed.

MUNSON, C.J., and McINTURFF, J., concur.

Petition for rehearing denied August 25, 1977.

Review denied by Supreme Court February 17, 1978.